MARY VAUGHN, Respondent, v. THE NATIONAL COUNCIL, Junior Order United American Mechanics, Appellant.

**Kansas City Court of Appeals, March 1, 1909.**

BENEFIT SOCIETIES: Definitions: Legal Dependent: Lawful Dependent. "Legal dependent" as used in the policy issued by the Junior Order United American Mechanics means those who are dependent according to law—that is his wife and minor children, and is not the equivalent of lawful dependent and therefore a mother who is a lawful dependent cannot recover on such policy since she is not a legal dependent.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

REVERSED.

*Smith W. Bennett* and *Ulmann & Miller* for appellant.

(1) The instruction in the nature of a demurrer asked by the defendant at the close of plaintiff's case should have been given. Travelers' Assn. v. Tennent, 106 S. W. 1073; Duval v. Hunt, 34 Fla. 85. (2) Defendant's instruction in the nature of a demurrer at the close of all the evidence should have been given. Travelers' Assn. v. Tennent, 106 S. W. 1073; Duval v. Hunt, 34 Fla. 85. (3) The court should have refused the peremptory instruction asked by the plaintiff. Lavin v. Grand Lodge, 104 Mo. App. 1.

*H. S. Julian* for respondent.

(1) The trial court followed this court in its exposition of the law in Gruwell v. K. & L. of Security, 126 Mo. App. 496; and could not do anything else but give the peremptory instruction for plaintiff. Brass-

field v. Knights of Maccabees, 92 Mo. App. 102. (2) The plaintiff does not have to go out of Missouri to get decisions to construe the word "dependent." Grand Lodge v. Elsner, 26 Mo. App. 116; Ballou v. Gile, 50 Wis. 614; Supreme Lodge v. Nairn, 60 Mich. 44; Supreme Lodge v. Hutchinson, 6 Ind. App. 399; Alexander v. Parker, 144 Ill. 355; Keener v. Grand Lodge, 38 Mo. App. 550.

BROADDUS, P. J.—This is a suit by plaintiff to recover on a policy of insurance on the life of Harry R. McGregor. The policy reads as follows:

"No. —— THE NATIONAL COUNCIL. Class B.
*Junior Order United American Mechanics*
*United States of North America*
(Incorporated April 10, 1893.)

"Will pay to the legal dependent of Harry R. McGregor, within thirty days from the receipt of the proof of his death the sum of five hundred dollars ($500).

Upon the condition that the said Harry R. McGregor is now and shall be at the time of his death a beneficial member in good standing of a Subordinate Council of said Order, and affiliating with the National Council of said order and also a member in good standing of the FUNERAL BENEFIT DEPARTMENT of said National Council, in Class B, in accordance with the Laws of said National Council, and his State and Subordinate Council now in force or hereafter adopted prior to said death.

(Beneficiary Degree National Council Jr. O. U. A. M. Incorporated April 10, 1893. Funeral Benefit Department.)

In Witness Whereof, said National Council here-
unto affixes its hand and seal this — day of Jan'y, 1903.

"The National Council
"Junior Order United America Mechanics,
"by Stephen Collins,
"Secretary and Manager of Funeral Benefit
Department."

Plaintiff in her petition alleges that the said
Harry had neither a wife, children, father, nor brothers
and sisters at the time of his death on June 27, 1906;
that she was his legal dependent; and that all the terms
and conditions of the policy have been complied with.

In defense, defendant states that it is a fraternal
beneficiary society organized under the laws of the
State of Pennsylvania, and sets up the scheme of its
government, including a series of by-laws which are
alleged to have become a part of the contract of insur-
ance. Section 3 of the by-laws provides that, should
any council lose its membership with its State council
or with the national council, its connection and the
connection of each of its members with the funeral
benefit department "shall thereby cease." That the
council to which the deceased belonged had lost its
membership by reason of its suspension by the national
council and that consequently, under the by-laws, the
deceased had also lost his membership.

Other defenses are predicated upon the by-laws,
and as the court excluded them on the ground that the
defendant, having failed to comply with sections 1408-
9-10-11 and 1396, Revised Statutes 1899, was not en-
titled to do business in this State as a beneficial society,
we will not discuss that phase of the question, but con-
fine our attention to the main question raised by the
appeal, viz.; that plaintiff under the pleadings and evi-
dence was not entitled to recover.

It will be noticed that the letter of the contract is
that defendant, "Will pay to the legal dependent of
Harry R. McGregor," etc.

The plaintiff contends that the word, "legal," as used is synonymous with the word, lawful, and as the deceased's mother was a lawful dependent she answers the description of the person intended. But we cannot see the force of such reasoning. The term, "legal dependent," is used in a more limited sense than that of lawful dependent, which would include all persons except those who might occupy an unlawful relation to the insured. A description of the latter class of persons is found in Keener v. Grand Lodge, 38 Mo. App. 550.

There was no legal duty imposed by law on the insured to support his mother, yet at the same time it would have been lawful for him to have done so. A man's legal dependents are his wife and minor children and the law imposes upon him the duty to support them. The term, "legal," means that which is according to law. [Bouvier's Law Dictionary.] A legal dependent means a dependent according to law. It does not mean permitted by law, but means created by law. It seems clear to us that plaintiff does not come within the class of persons designated by the contract.

Reversed. All concur.