PEAY *v.* FRED KULOW & CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FOSTER
MOTHER A DEPENDENT.
    Where a boy, 14 years of age, on the death of his parents, went to live with an aunt, and thereafter had no other home, and contributed to her support up to the time of his death, she was a dependent within the meaning of the workmen's compensation act (Act No. 64, Pub. Acts 1919), although about three years ago he came to Michigan to work and she remained at her home in another State; the statute being satisfied if it can be said that the dependent was a member of the same family as the deceased.

2. SAME—COMPENSATION TO DEPENDENTS—DATE TO BE COMPUTED
FROM.
    Where no compensation has been paid to the injured employee after the accident and before his death, compensation to his dependents dates from the date of the accident rather than from the date of his death.

Certiorari to Department of Labor and Industry. Submitted January 10, 1924.    (Docket No. 41.)    Decided April 10, 1924.

Mary J. Peay presented her claim for compensation against Fred Kulow & Company for the accidental death of her decedent in defendant's employ.    From an order awarding compensation, defendant and the General Accident Assurance Corporation, insurer, bring certiorari.    Affirmed.

*Kerr, Lacey & Scroggie,* for appellants.

BIRD, J.    While Ira Green, a young colored boy, was engaged in steel construction work, he fell some distance and was seriously injured.    He lingered for a time in a state of unconsciousness and later died

from the effects of the fall on November 8, 1922. The accident occurred August 17, 1922. Plaintiff applied to the department of labor and industry for a death award, and the same was granted by the arbitration board and subsequently approved on appeal.

1. The principal point raised by defendants is that plaintiff is not within the class which the statute recognizes as a dependent. The testimony shows that plaintiff lives in Youngstown, Ohio, and was an aunt of the deceased. When Ira was a boy 14 years of age his parents died and he went to live and make his home with plaintiff. His status in plaintiff's family was the same as that of a son. When he went to work he contributed a portion of his wages to plaintiff. About three years ago he came to Detroit to work. While there he contributed on an average of $10 per month to plaintiff, and she used it for living expenses. The deceased was unmarried and had no home except plaintiff's home.

Counsel for defendant contend that under these circumstances she is not a dependent which the statute recognizes. Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5436). The material part of this section reads as follows:

"No person shall be considered a dependent, unless he or she is a member of the family of the deceased employee, or unless such person bears to said deceased employee the relation of husband or widow, or lineal descendant or ancestor, or brother or sister."

Counsel construe this statute to mean that no one outside of the specific blood classes can be a dependent unless he or she is a member of a family of which the deceased was at the head. In other words, that plaintiff was not a member of the deceased's family. I am of the opinion that this construction is too restricted. The idea which underlies and which gave birth to the compensation law was to afford timely

226—Mich.—33.

relief to the injured employee, and in event of his death to afford relief to persons who were receiving care and support from him. In view of this, it would be more nearly in accord with the spirit of the statute to construe it to apply to any person who was a member of the same family of which the deceased was a member. It is not uncommon to hear a wife speak of *her* family, *her* church, or *her* lodge, not because she is at the head of the family, church, or lodge, but to indicate her relation to them. It is not one of those cases where the word "of" is used as a sign of possession, but it is used rather to indicate his relation to the family. It appears to me that the language of the statute was used in this sense. Had the legislature intended the statute to have the meaning contended for may we not assume it would have indicated "the family of which deceased was at the head?" If the construction contended for is to prevail, foster parents can never, under these circumstances, take an award from one who was a member of the family, and had been cared for and treated as a child. The deceased had been taken when a young boy and given a home and treated as a son in plaintiff's family. He was unmarried, and plaintiff's home was the only home he had, and he was contributing to the upkeep and maintenance of that home. We think it is within the spirit of the statute to hold that plaintiff was a member of the same family that deceased was a member of, and hence comes within the class of dependents that are entitled to an award.

2. Exception is taken because the award was computed beginning with the date of the accident rather than from the date of his death. We think this question is settled by *Pardeick* v. *Engineering Co.,* 220 Mich. 653, where it is said:

"We are persuaded that this legislation contemplates that in cases where compensation has been paid to an injured employee during his lifetime, compen-

sation to his dependents begins with the date of his death; when no compensation has been paid to the employee during his lifetime, compensation to his dependents dates from the date of the accident."

Nothing having been paid deceased before his death it was proper to compute it beginning with the date of the accident.

The conclusions reached by the department of labor and industry will be affirmed.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.