ILLINOIS STEEL COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*May 9—June 3, 1924.*

*Workmen's compensation: Dependents: Boarder contributing towards household expenses.*

A widow with two children who furnished board and lodging under contract to a deceased employee of plaintiff who paid her more during the last period of his life than he did before, and who sometimes contributed groceries and wearing apparel to help carry on the household, the contract being terminable at any time by either, is not a member of the "family" and therefore not a dependent within the meaning of the workmen's compensation act (sub. (4), sec. 102.11, Stats. 1923). p. 275.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Review of an award of compensation to defendant *Ella Peterson* on account of the death of one Arthur Nelson.

Nelson, at the time of his accidental death, February 21, 1918, was about thirty-one years of age and unmarried.

In 1907 Nelson commenced to board with the claimant and her husband at an agreed weekly rate. The family then consisted of Mr. and *Mrs. Peterson* and their two children, and they were living in a home for which they were paying $18 per month rent.

In October, 1912, Mr. Peterson died. Thereafter *Mrs. Peterson,* her children, and Nelson moved to another home for which $16 per month was paid. After the death of Peterson, for a year and a half Nelson continued to pay a fixed sum per week. From that time until his death he paid an increased sum of $6 to $10 per week for his board and paid the rent for the quarters they then occupied of $9 per month, taking some of the receipts in his own name. He occasionally bought groceries and some wearing apparel for *Mrs. Peterson.* Help was furnished *Mrs. Peterson* for the care and education of some of the children by the Masonic order. There was evidence to the effect that Nelson was sickly and could not or would not live with his own relatives, and that at the time he commenced to pay the additional amounts there was an understanding between himself and *Mrs. Peterson* that she would take care of him and that he would continue to live there, paying the additional necessary amounts to help carry on the household. He exercised no supervision or control over the two children of *Mrs. Peterson,* who continued to live with her.

The *Commission* found that at the time of the death of Nelson and for more than one year prior thereto *Mrs. Peterson* was a member of Nelson's family and was partially dependent upon him for support; that during the year preceding his death he had contributed to the support of *Mrs. Peterson* $344, and that *Mrs. Peterson* is entitled to a death benefit of $1,376.

The plaintiff employer brought an action to review such award in the circuit court for Dane county, and from the

judgment therein affirming said award this appeal has been taken.

For the appellant there was a brief by *Mason & Priestley* of Madison, attorneys, and *Knapp & Campbell* and *William Beye,* all of Chicago, of counsel, and oral argument by *Vroman Mason.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ESCHWEILER, J.   The award in this case, under the workmen's compensation act, sub. (4), sec. 102.11, Stats., can only be justified if *Mrs. Peterson,* the claimant, not a relative by blood or marriage, was a member of the family of the deceased employee, Nelson.

While it may well be that relationship by blood or marriage is not essential in order that a person claiming as dependent under the statutes here involved may properly be considered a member of the family of the deceased employee and therefore entitled to compensation, as is suggested in *Armstrong v. Industrial Comm.* 161 Wis. 530, 532, 154 N. W. 844, and as directly held, under substantially the same statutory language, in *Peay v. Fred Kulow & Co.* 226 Mich. 512, 197 N. W. 1020, nevertheless we must hold that the situation here disclosed is not sufficient to bring the claimant within the proper interpretation of the term "family."

A family relationship existed in this household between *Mrs. Peterson* and her two children.   As to that family relationship Nelson was a boarder, and though paying more during the last period of his life for his food and lodging than before, it was nevertheless entirely a contract arrangement which might be terminated at any time by either.   His staying or going did not or would not have altered the family of which *Mrs. Peterson* was a member and the head.   The situation here presented is clearly one where Nelson occupied the position of boarder, as the term is generally under-

stood, and where the obligation is purely contractual, rather than one within the narrower circle of the family, as that term is generally understood. We therefore reach the conclusion that there was no such family relationship existing between the deceased employee and the claimant here as to justify the findings and award of the *Commission*.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the claim. No costs to plaintiff.