## Maryland Casualty Company, et al. v. Coleman, et al.

(Decided June 24, 1927.)

### Appeal from Floyd Circuit Court.

1. Master and Servant.—Where finding by the Compensation Board is supported by competent evidence, such finding is conclusive on appeal.

2. Master and Servant.—Foster parents of employee, killed in accident arising out of and in course of employment, to whom deceased contributed 40 per cent of his earnings, on which they were actually dependent, held entitled to compensation, though not within any of specifically designated classes of dependents enumerated in Ky. Stats., sections 4894, 4895, and not "members" of employee's household if meaning of that phrase be restricted to household of which employee is head, such not being its correct application.

3. Master and Servant.—The Workmen's Compensation Act (Ky. Stats., sections 4880-4987) must be given a liberal construction in order to carry out its wise and benevolent purpose.

4. Master and Servant.—That foster parents of deceased, killed in accident arising out of and in course of his employment, who were entitled to compensation, were willing to divide award with others in accordance with apportionment made by Compensation Board cannot be prejudicial to employer and insurer, since, if it should be held that such persons were not entitled to any part of award, payment would have to be made wholly to foster parents.

HARMON, FRANCIS & HOBSON for appellants.

JOHNSON, AUXIER & HINTON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is an appeal from the judgment of the Floyd circuit court affirming an award made by the Compensation Board in favor of the appellees on account of the death of Clarence Coleman while employed by the appellant Pike-Floyd Coal Company. The appellant Maryland Casualty Company is the insurance carrier of its coappellant. It is agreed in this case that Coleman was killed in an accident arising out of and in the course of his employment, and that he was earning at the time of his death sufficient to justify a maximum award, under the Compensation Act (Ky. Stats., sections 4880-4987). Appellants further do not complain of the board's finding that the deceased contributed in his lifetime 40 per cent. of his earnings to the claimants herein. The only controversy on this appeal is whether or not the appellees were dependents upon the deceased, within the meaning of our Compensation Act. The deceased was the foster child of the appellees G. W. Coleman and Pearl Coleman. He had been raised by these people and lived with them since his infancy on a little mountain farm owned and run by the appellee G. W. Coleman. They were very good to him, and he was very good to them. As stated, the evidence clearly shows that he contributed as much as 40 per cent. of his earnings to their support. It is conceded that G. W. and Pearl Coleman do not come within any of the specifically designated classes of dependents set out in sections 4894 and 4895 of the Statutes. That they were actually dependent to the extent of the contributions of the deceased was found by the board, and such finding is conclusive since there was competent evidence to support it. Section 4894 of the Statutes, in part, reads:

> "In all other cases the relation of dependency in whole or in part shall be determined in accordance with the facts of each case existing at the time of the accident, but no person shall be considered a dependent in any degree unless he be living in the household of the employee at the time of the accident."

It is argued that, although it may be true that the deceased did contribute 40 per cent. of his earnings to the support of G. W. and Pearl Coleman, yet they can-

not be considered as dependents of his because they were not living in the deceased's household at the time of the accident, but, on the contrary, he was living in their household. The soundness of this argument, of course, turns on the way the word "of" in the expression "household of the employee" is to be regarded. If it be a word of ownership, appellant's position is sound. If it be a word of identity, it is unsound. We have held in a long line of cases that the Workmen's Compensation Act must be given a liberal construction in order to carry out its wise and benevolent purposes. We do not think that the Legislature ever contemplated that, where the dependents of the deceased employee and such employee in his lifetime were all living together in the same household, the right of compensation should turn on the technical ownership of the household. The purpose of the act was to give compensation to those who were dependent on the earnings of the deceased employee, and, that, although where the dependents did not come within any specific designation set out in the statutes, the Legislature was unwilling that the employer should be liable in any event to those dependent on the deceased employee, yet it felt that where the dependents and the deceased employee were all living together that such state of fact justified the requirement that compensation be paid. This is the true intent and spirit of the act. This can only be carried out if we construe the word "of" as a word of identity, meaning the household where the employee lives at the time of the accident, and not, as appellants contend, a word of ownership, meaning the household belonging to the employee. This is the first time, so far as we have been able to discover, that this question has been presented to this court, but in 35 A. L. R. 1068, may be found a list of cases where this same question was involved and where it was determined as we have here. In Peay v. Fred Kulow & Co., 226 Mich. 512, 197 N. W. 1020, the Michigan court in construing a section of the Michigan Compensation Act, very nearly identical in wording with the section of our act under consideration, said:

"Counsel construe this statute to mean that no one outside of the specific blood classes can be a dependent, unless he or she is a member of a family of which the deceased was at the head. In other words, that plaintiff was not a member of the deceased's

family. I am of the opinion that this construction is too restricted. The idea which underlies and which gave birth to the Compensation Law was to afford timely relief to the injured employee, and in the event of his death, to afford relief to persons who were receiving care and support from him. In view of this, it would be more nearly in accord with the spirit of the statute to construe it to apply to any person who was a member of the same family of which the deceased was a member. It is not uncommon to hear a wife speak of her family, her church, or her lodge, not because she is at the head of the family, church, or lodge, but to indicate her relation to them. It is not one of those cases where the word 'of' is used as a sign of possession, but it is used rather to indicate his relation to the family. It appears to me that the language of the statute was used in this sense."

To the same effect are Harlan v. Industrial Accident Commission, 194 Cal. 352, 228 P. 654, Illinois Steel Co. v. Industrial Commission, 184 Wis. 273, 199 N. W. 154, and Utah Fuel Co. v. Industrial Commission, 64 Utah, 328, 230 P. 681.

It is also urged that some of the other appellees are not dependents in fact under the evidence before the board in this case, which brings into question the apportionment of the award made by the Compensation Board among the appellees. But, be that as it may, the appellants at least are under obligation to pay the compensation provided by the statute to G. W. and Pearl Coleman, and if the latter are willing to divide it with their coappellees this cannot be prejudicial to the appellant. Even if these coappellees be held not to be entitled to any part of this award, that will avail the appellants nothing for they will then be compelled to pay it wholly to G. W. and Pearl Coleman. Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936.

The judgment of the circuit court being in accord with these views, it is affirmed.

Whole court sitting.