## L. E. Myers' Company v. Noland, et al.

(Decided January 27, 1928.)

### Appeal from Mercer Circuit Court.

Master and Servant.—Where workman cohabited with wife of another man from whom she was not divorced, and supported her minor children, held that, on his death arising out of and in course of employment, such children were entitled to compensation.

E. H. GAITHER and H. L. MEANS for appellant.

J. J. McBRAYER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is an appeal from the judgment of the circuit court affirming an award of the Workmen's Compensation Board. James Bell, a negro laborer and an employee of the appellant, was killed in an accident arising out of and in the course of his employment. About ten years prior to this accident he and one Mary Noland, the mother of the appellees, went to live together. Her husband, the father of the appellees and from whom she has never been divorced, is yet living. During these ten years Mary

Noland was recognized in the communities where they lived as the wife of James Bell. She took with her to James Bell's home her three infant children, the appellees, the oldest of whom at that time was about 5 years old. During all these years and up to the time of his death, Bell supported Mary Noland and these children, and they looked upon him as their father. Their own father did nothing for them. There is not the slightest doubt from the evidence in this case but that these children were wholly dependent upon Bell during his lifetime for their support, and that he did support them to the best of his ability. After his death, they made application for compensation, and the board awarded them the compensation they sought, from which award this appeal has finally resulted. It is insisted that, as James Bell and Mary Noland were living together in an illicit relationship, her children cannot be the beneficiaries of the same. However, these children were not parties to any illegal agreement between Mary Noland and James Bell, and, whatever motive actuated him in taking them into his household, the fact remains that for all these years he supported them as he would have done had they been his own children, and that they were wholly dependent upon him. The principle of this case cannot be distinguished from that on which the case of Jones v. Louisville Gas & Elec. Co., 209 Ky. 642, 273 S. W. 494, was decided. We there held that the child who lived in the household of the deceased employee under pretty much the same circumstances as the appellees lived in the household of James Bell, was entitled to compensation.

As the Jones case is controlling, it follows that the judgment of the circuit court must be and it is hereby affirmed.