**BEARD v. RICKERT RICE MILLS,**
Inc., et al. *
No. 16224.

Court of Appeal of Louisiana. Orleans.
Dec. 16, 1935.

---

Blasi & Sehrt and Harry T. Wilkins, all of New Orleans, for appellant.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a suit under the Compensation Law. Bazile Beard was asphyxiated by hydrocyanic acid gas while working for the Rickert Rice Mills, Inc. James Willie Gould, a minor two years of age, brought this suit through his dative tutrix, Emma Beard, against Beard's employer and the Maryland Casualty Company, its insurance carrier, alleging that he was a dependent member of the family of the late Bazile Beard, and, as such, entitled to compensation at the rate of 32½ per cent. of $12 per week, or $3.90 per week for a period of 300 weeks, or a total of $1,170.

The defendants filed exceptions of no cause of action, based upon the allegation in the petition to the effect that James Willie Gould was an illegitimate child, and therefore not entitled to compensation. This exception was referred to the merits, and, after a trial of the case, sustained, and plaintiff's suit dismissed. Plaintiff has appealed.

While the appeal was pending in this court, Emma Beard died, and Mary Vigne, having been qualified as dative tutrix of the minor in Emma Beard's stead, was, by proper motion, made party plaintiff in this court.

The facts upon which plaintiff relies are, in our opinion, fully established by the record, though our learned brother below expressed, in his reasons for judgment, some doubt on the subject.

Emma Beard, the mistress of Bazile Beard, and mother of Louise Alford, took possession of her daughter's illegitimate child, James Willie Gould, just after its birth, and cared for it in the household of her paramour. The paternity of James Willie Gould is unimportant; it being sufficient to say that Bazile Beard was not his father. The child was, as the evidence clearly demonstrates, a dependent member of Bazile Beard's household.

Section 39 of Act No. 20 of 1914, as amended by section 1 of Act No. 38 of 1918, reads as follows: "The word 'Dependent' as used in this act shall, unless a different meaning is clearly indicated by the context, be construed to mean the person or persons to whom under the provisions of Section 8 compensation shall be paid upon the death of the injured employee."

Section 8 of the compensation statute, as amended by Act No. 85 of 1926, reads in part as follows:

"For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. * * *

"(A) The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee. * * *

"(D) A child or children under the age of eighteen years (or over said age, if physically or mentally incapacitated from earning) upon the parent with whom he is, or they are, living at the time of the injury of such parent. In case there are both surviving wife and child or children, or surviving husband and child or children entitled to compensation, the compensation due under this act shall be paid entirely to the surviving husband or surviving wife for the common benefit of such wife or husband and the child or children. In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death. * * * No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child."

It will be observed that the statute uses the words "legal and actual dependency," and it is the contention of defendants that no person is entitled to compensation as a dependent unless legally dependent upon the deceased employee, by which is meant persons whom the law recognizes as being entitled to claim support, such as ascendants and descendants, husbands and wives, whatever may be said of their dependency. In the words of counsel, "in order for one to be entitled to compensa-

tion under the statute, he or she must first be a 'legal dependent,' and if he or she can qualify as such 'legal dependent,' then he or she must go further and qualify as an actual dependent, in whole or in part, of the deceased. * * * It is not enough for the claimant to be merely a dependent of the employee or a member of the family of the employee, but he or she must also first and foremost be a 'legal dependent' of the employee."

We are referred to a definition of "legal dependent" appearing in Vaughn v. National Council, Junior Order U.A.M., 136 Mo.App. 362, 117 S.W. 115, 116, reading as follows: "The term 'legal' means that which is according to law. Bouvier's Law Dictionary. A 'legal dependent' means a dependent according to law. It does not mean permitted by law, but means created by law."

█ If the construction of the act contended for by counsel be correct, then a brother or sister would be excluded from those entitled to compensation as dependents, because brothers and sisters are not legal dependents under the laws of Louisiana, but we find that the act expressly includes brothers and sisters as being entitled to compensation as dependents, as well as stepbrothers and stepsisters and brothers and sisters by adoption. It is apparent, therefore, that this interpretation of the act is untenable because inconsistent with, and in contradiction of, its plain provisions. In our opinion, the Compensation Law intended to and did establish in favor of two classes of dependents a right to compensation in the event of the injury or death of an employee. In the first class are included the surviving spouse and the children who are conclusively presumed to be dependents, and are, in fact, legal dependents of the deceased, and in the second class those who may be able to prove actual dependency, including legal dependents not presumed to be dependents, such as ascendants and brothers and sisters and members of the deceased's family.

The classification of legal and actual dependency is recognized by the wording of the act to the effect "in all cases the question of legal and actual dependency, in full or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death." If only legal dependents were intended to be included, their status, as such, is fixed by law and remains so before and after the accident or death.

Industrious counsel has traced the changes in the section of the law relating to dependency through the amendatory acts of the Legislature of 1916 (Act No. 243), 1918 (Act No. 38), 1920 (Act No. 247), 1922 (Act No. 43), 1924 (Act No. 216), and 1926 (Act No. 85), showing that in some of the acts the word "legal" which appears in the original act has been omitted and restored in the last amendment, that of 1926, and argues that cases which construe the act when the word "legal" was omitted are not authoritative. We deem it unnecessary to discuss the amendments, because we are of the opinion that the inclusion or omission of the word "legal" is not important in the construction of the statute, being convinced that provision was always clearly made for a dependent member of the family of the deceased employee, whether a legal dependent or not. The issue, therefore, is whether an illegitimate dependent child, who is a member of the household of a deceased workman, may be considered as a member of his family within the meaning of the Compensation Law.

In Haag v. E. Z. Opener Bag Company et al., No. 7620 Orleans Appeal (see Louisiana and Southern Digest), this court held that the Compensation Law uses the words "family of the deceased employee" in the sense of membership in his household and subject to his authority and not in the sense of blood relationship. Judge St. Paul, who was the organ of the court, referred to the definition given of "family" in R.C.C., art. 3556, as follows:

"Family in a limited sense, signifies the father, mother and children. In a more extensive sense, it comprehends all the individuals who live under the authority of another, and includes the servants of the father of family.

"It is also employed to signify all the relations who descend from a common root."

The opinion points out that the Compensation Law in Louisiana is not peculiar to this jurisdiction, but is "derived from, and intended to accomplish the same purpose as statutes of a similar nature previously in force in the New England States; so that the terms of our act must have been meant in the same sense as similar terms used in the statutes of those States." The

Massachusetts statute (G.L. [Ter.Ed.] c. 152, § 1) is quoted as providing that the word "dependent" shall mean "member of employe's family or next of kin, or wholly or partially dependent upon his earnings," and reference is made to the fact that the Supreme Court of Massachusetts has, in four opinions, held membership in a household presided over by an employee and subject to his authority to constitute membership in the family of a deceased workman within the meaning of the Massachusetts act. Kelley's Case, 222 Mass. 538, 111 N.E. 395; Murphy's Case, 224 Mass. 592, 113 N.E. 283; Case of Cowden, 225 Mass. 66, 113 N.E. 1036; Case of Mahoney (In re Murphy), 228 Mass. 555, 117 N.E. 794.

The following decisions from other jurisdictions are in point and to the effect that a child taken into a workman's home and reared and cared for by him is considered a member of his family, and, if dependent, entitled to compensation upon the death of the workman, under the Compensation Law prevailing in the several jurisdictions: Harlan v. Industrial Accident Comm., 194 Cal. 352, 228 P. 654; Maryland Casualty Co. et al. v. Coleman et al., 220 Ky. 764, 295 S.W. 1044; Kinnard v. Tennessee Chemical Co., 157 Tenn. 206, 7 S.W.(2d) 807; Memphis Fertilizer Co. v. Small et al., 160 Tenn. 235, 22 S.W.(2d) 1037; Faber v. Industrial Commission et al., 352 Ill. 115, 185 N.E. 255; Moore Shipbuilding Corporation v. Industrial Accident Comm. et al., 185 Cal. 200, 196 P. 257, 13 A.L.R. 676.

In our opinion, the plaintiff is entitled to recover, consequently, and, for the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of plaintiff, Mary Vigne, dative tutrix of the minor, James Willie Gould, and against the defendants, Rickert Rice Mills, Inc., and Maryland Casualty Company, in solido, for 300 weeks' compensation at the rate of $3.90 per week, or $1,170, with interest from judicial demand until paid and for all costs.

Reversed.

HARRY McCALL, Judge ad hoc, participating in the absence of LECHE, J.