168 So. 492

**BEARD v. RICKERT RICE MILLS, Inc., et al.**

No. 33826.

April 27, 1936.

Rehearing Denied May 25, 1936.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for relators.

Blasi & Sehrt and Harry T. Wilkins, all of New Orleans, for respondent.

BRUNOT, Justice.

This suit was brought under the Workmen's Compensation or Employers' Liability Act, as amended (Act No. 20 of 1914, as amended), by Emma Beard, dative tutrix of the minor, James Willie Gould.

The defendants excepted to the petition as not disclosing a right or cause of action. On the hearing of the exception, the trial judge suggested that the rights of exceptors be reserved, that answer be filed, and that the case be heard on the merits. This suggestion was adopted, and, after the trial of the case on the merits, the judge maintained the defendants' exception and dismissed the suit. The plaintiff appealed from the judgment to the Court of Appeal, parish of Orleans. Pending the appeal, Emma Beard died, and Mary Vigne qualified as dative tutrix of the minor and, by proper motion, was substituted for said deceased, as the plaintiff herein.

In the Court of Appeal the judgment of the lower court was avoided and reversed, and judgment was rendered in favor of Mary Vigne, dative tutrix of the minor, James Willie Gould, and against the Rickert Rice Mills, Inc., and the Maryland Casualty Company, its insurer, in solido, for 300 weeks' compensation at the rate of $3.90 per week, with interest from judicial demand, and for costs. Upon the refusal of a rehearing, defendants applied to this court for a writ of review. The application was granted, the writ issued, the record was sent up, and the case was submitted to us on briefs, timely filed, in the record.

It is alleged, in the plaintiff's petition, that Bazil Beard was an employee of the Rickert Rice Mills, Inc.; that he was asphyxiated while engaged in work within the scope of his employment; that the minor, James Willie Gould, was a member of the family of the deceased, and was dependent upon him for support at the time of his death; that the minor, James Willie Gould, was the illegitimate son of the illegitimate daughter of the concubine of the deceased.

Divested of all superfluity, the case presents a very simple question, viz.: Is an illegitimate dependent member of the family of the deceased employee, under the circumstances stated, entitled to claim any compensation under the Employers' Liability Act of this state? The alleged right to do so is challenged by the defendants' exception of no right or cause of action filed in this case. In determining this question, we are interested only in two acts of the Legislature, viz., Act No. 20 of 1914 and Act No. 85 of 1926. The act of 1914 is the original Workman's Compensation Act. The intermediate amendments of that act, between the date of its passage and the passage of the act of 1926, are merely indicative of a legislative wobbling on the right of an illegitimate dependent member of the family of a deceased employee to claim compensation under the act. A mere reading of the pertinent parts of the acts of 1914 and 1926 convinces us that the defendants' exception of no right or cause of action was properly maintained by the trial judge. The pertinent part of paragraph (e) of subsection 1 of section 8 of Act No. 20 of 1914 is as follows:

"(e) For injury causing death within one year after the accident, there shall be paid to the *legal dependents* of the employee wholly dependent upon his earnings for support at the time of the injury, a weekly sum * * *. If the employee leaves *legal dependents* only partly dependent upon his earnings for support at the time of the injury, the weekly compensation to be paid as aforesaid shall be * * *." (Italics by the court.)

The pertinent part of Act No. 85 of 1926 is as follows:

"2. For injury causing death within one year after the accident there shall be paid to the *legal dependents* of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves *legal dependents* only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid as aforesaid shall be * * *" Section 8, subsec. 2, p. 116. (Italics by the court.) This act concludes with a sweeping repealing clause. We quote it:

"That all Acts or parts of Acts conflicting with or inconsistent with the provisions of this act be and the same are hereby repealed." Section 2, p. 125.

It is clear to us that the Workmen's Compensation or Employers' Liability Acts in force now and at the time of Bazil Beard's death provide only for compensation to legal dependents. Having reached this conclusion, it is unnecessary to consider whether or not the minor, James

Willie Gould, was actually a member of the deceased employee's family at the time of the latter's death or whether or not he was actually dependent upon the deceased for total or partial support at that or at any time.

For the reasons assigned, the judgment of the Court of Appeal is avoided and set aside, and it is decreed that the judgment of the civil district court be reinstated and made the final judgment of the court.

O'NIELL, C. J., absent.