This is a suit for compensation under Act 20 of 1914, as amended. The deceased employee was Anthony Benjamin Camps and the claimants when the suit was filed were Mr. and Mrs. Charles Archibald, father-in-law and mother-in-law of Camps, and Mrs. Harry Tauzin and Mrs. Julius Bishop, sisters-in-law of the said decedent. Charles Archibald, the father-in-law, has died since this suit was filed.
Petitioners allege that they were dependent upon Camps at the time of his death and that they "resided in the same house with him", and that they "were members of his family within the contemplation of the act" and that the said Camps "has no legal ascendants or descendants, his wife, Effie Archibald Camps, predeceased him."
The defendants are Wallace Plumbing Company, the former employer of Camps, and Employers' Liability Assurance Corporation, Ltd., the insurance carrier of the said employer. These defendants filed exceptions of no right or cause of action, which we are told were referred to the merits. Defendants then filed answer reserving the benefit of the exceptions and denying the allegations of the petition and of the supplemental petition. It is obvious that they intended to deny only that the plaintiffs were dependent upon Camps and that, as a matter of law, they are entitled to compensation, the real contention being that at the time of his death they were not "legal dependents" within the contemplation of the compensation laws.
After a trial on the merits, there was judgment maintaining the exceptions and dismissing the suit and plaintiffs have appealed. The matter therefore is now before us on appeal from a judgment maintaining the exception of no cause or right of action.
The exception presents only one question and that is whether, in the absence of blood relatives, a mother-in-law, a father-in-law and sisters-in-law, who lived with the deceased employee prior to his death and who were actually dependent upon him may recover compensation under the Workmen's Compensation Laws of Louisiana. The Statute, Act 20 of 1914, as amended, provides with regard to "legal dependents", in Section 8, subsection 2 of Dart's Louisiana General Statutes (Vol. 3, page 340) as follows: "For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident *Page 190 
and death, a weekly sum as hereinafter provided, for a period of three hundred weeks. * * *"
In paragraph (D) of subsection 2 to be found on the same page (340), Vol. 3 of Dart's Louisiana General Statutes, it is provided that "No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child."
In Beard v. Rickert Rice Mills, La.App., 164 So. 636, we were confronted with the question of whether compensation might be recovered on behalf of the illegitimate daughter of the concubine of the deceased employee, the said illegitimate daughter having been actually totally dependent upon the said employee and having been reared as a member of his family.
The argument made on behalf of the defendant there (as here) was that no one could be considered as a legal dependent except a person who, prior to the death of the employee, had the legal right to demand support from him. We rejected that argument because of the fact that in the latter part of the same section from which latter part we have already quoted, the framers of the law included within the term "dependent" other persons than those with the legal right to demand support, provided such other persons, prior to the death of the deceased employee, had actually been dependent upon him and had been either included within the specific group named or had been members of the family. In the Beard case we reached the conclusion that since, in addition to those persons who might have been entitled to demand support from the deceased employee, had he lived, the framers of the statute included other persons, provided they were members of his family, they did not intend to limit the right to recover compensation to those persons who would have had the legal right to demand support.
Our conclusion was found faulty by our Supreme Court, which, after the granting of a writ of certiorari, held that an illegitimate child of a concubine is not a legal dependent, and hence cannot recover compensation, regardless of whether that child is actually dependent upon the deceased employee and is actually a member of the family of the said employee. See185 La. 55, 168 So. 492, 493.
We find the conclusion reached by the Supreme Court most interesting for many reasons, primarily because it fails to define the term "legal dependents" and merely holds that there can be no recovery in compensation except by "such legal dependents". If by the term "legal dependents" the Court means persons with the legal right to demand support, then we wonder what the framers of the Act meant when they included among potential dependents who may recover compensation many persons who would have had no such legal right to demand support from the employee had he lived. Neither a brother nor a sister, and certainly neither a step-brother nor a step-sister, is a legal dependent in this sense, and yet any one of them may be entitled to compensation as a dependent because the statute specifically so provides. Furthermore, if the legislators meant that none but legal dependents, as the Supreme Court has interpreted the words "legal dependents", may recover compensation, we wonder why the legislators were not satisfied with the provision that a legal dependent may be a husband or a widow, a lineal descendant or ascendant, a brother or sister or child. Within this group they have included not only all persons who may be such legal dependents but several others who may not. Why then did they go further and say that in addition to those persons a legal dependent might also be "a member of the family of the deceased employee" if they did not contemplate that within that category there might be included some persons not within the group of blood relatives specifically set forth in the same sentence?
That the term "member of the family" has often been interpreted as including others than blood relatives cannot be denied. In Haag v. E.Z. Opener Bag Co., et al. No. 7620 of our docket, to be found in Vol. 55 of our unreported decisions (See Louisiana and Southern Digest) in a syllabus written by the Court, we said: "The Employer's Liability Act (Workmen's Compensation Statute) No. 20 of 1914, amended by No. 243 of 1916, uses the term `family of the deceased employee,' not in the sense of blood relationship, but in the sense of membership in his household or subjection to his authority." *Page 191 
See also the following: Utah Fuel Company v. Industrial Commission of Utah, 64 Utah 328, 230 P. 681; Temescal Rock Co. v. Industrial Accident Commission, 180 Cal. 637, 182 P. 447, 13 A.L.R. 683; Moore Shipbuilding Corporation v. Industrial Accident Commission, 185 Cal. 200, 196 P. 257, 13 A.L.R. 676; Federal Mutual Liability Insurance Co. v. Industrial Accident Commission,187 Cal. 469, 202 P. 664; Duluth-Superior Milling Co. v. Industrial Commission, 226 Wis. 187, 275 N.W. 515, 276 N.W. 300; L.E. Myers Company v. Noland, 222 Ky. 748, 2 S.W.2d 387; and Taul v. Graffato, 13 Orleans App. 338.
We find most interesting an article appearing in 11 Tulane Law Review, page 325, entitled: "Master and Servant — Workmen's Compensation — Dependents". The writer of that article, discussing the Supreme Court's opinion in the Beard case and finding it difficult to understand how the statute could be construed as denying compensation to any one other than a legal dependent, as that term is apparently interpreted by the Supreme Court, says: "* * * To attempt to define legal dependence as that dependence which the law creates by imposing a duty to support would be too narrow a definition since it clearly does not include brothers and sisters who, with equal clarity, are entitled to compensation under the act. § 8, 2, (D) and (E) 8. It is suggested that under the Workmen's Compensation Act the term includes those relationships which that statute itself recognizes and permits. * * *"
However it is our duty as it is always our purpose to follow the pronouncements of our Supreme Court. We understand the decision in the Beard case as a pronouncement of the rule that whatever the term "member of the family" may mean, there can be no recovery except by one who, as a legal dependent, would have been entitled to demand support from the deceased employee, had he lived. We have not overlooked the possibility that our Supreme Court in holding that only a "legal" dependent may recover compensation, may have intended that the word "legal" should be given the meaning "legitimate." It may have been intended that an illegitimate person who is dependent may not recover. But we find nothing in the statute nor in the opinion which would justify the conclusion that the Supreme Court so intended.
Moreover in our opinion, which was under review by the Supreme Court, we concluded that the term "legal dependent" did not mean only a person with the legal right to demand support. We said [164 So. 637]: "* * * it is the contention of defendants that no person is entitled to compensation as a dependent unless legally dependent upon the deceased employee, by which is meant persons whom the law recognizes as being entitled to claim support, such as ascendants and descendants, husbands and wives, whatever may be said of their dependency. In the words of counsel, `in order for one to be entitled to compensation under the statute, he or she must first be a "legal dependent," and if he or she can qualify as such "legal dependent," then he or she must go further and qualify as an actual dependent, in whole or in part, of the deceased. * * * It is not enough for the claimant to be merely a dependent of the employee or a member of the family of the employee, but he or she must also first and foremost be a "legal dependent" of the employee.'"
The whole burden of our opinion was a rejection of that contention. Therefore since the Supreme Court reviewed the matter and reversed our decree, and in that opinion said that there could be no recovery because the claimant was not a "legal dependent", we find it impossible to interpret that decision otherwise than as an expression that only one who would have had the legal right to demand support may be permitted to recover except possibly one of those specifically mentioned in the act. Accordingly we hold that whether there was actual dependency here and whether the deceased was a member of the family of plaintiffs, or whether they were members of his family are matters of no importance since the plaintiffs were not legal dependents of the deceased and were not within the group specifically mentioned in the act.
In view of the fact that Charles Archibald has died and no appearance has been made by his legal representative, we shall render no decree involving his claim but shall hold it in abeyance pending such appearance.
Insofar as the other three plaintiffs-appellants are concerned, the judgment appealed from is affirmed at their cost.
Affirmed. *Page 192