This case, which is a suit under the compensation law, was before us on a former occasion when we affirmed the judgment of the lower court maintaining an exception of no cause of action.6 So.2d 189. A writ of review was applied for and obtained and the Supreme Court reversed our decision and remanded the case to the district court for further proceedings. 202 La. 89,11 So.2d 492.
The District Court then awarded the plaintiffs the minimum compensation of $3 per week for three hundred weeks and all parties have appealed. *Page 179 
The suit was originally brought by Mr. and Mrs. Charles Archibald, the father-in-law and mother-in-law respectively of Anthony Camps and Mrs. Harry Tauzin and Mrs. Julius Bishop, sisters-in-law.
The petition alleges that Anthony Camps, while working as a laborer in the employ of the Wallace Plumbing Company for a weekly salary of $20, and engaged in the construction of a library at Tulane University, fell and as a result of the fall died on August 8th, 1940. The Wallace Plumbing Company and the Employers' Liability Assurance Corporation, Ltd., its insurance carrier, were made parties defendant. During the pendency of the suit in the lower court Charles Archibald died and his heirs have not been made parties so that he is no longer a party plaintiff.
Plaintiffs alleged that they were dependent upon the deceased Camps for their support and they asked that they be awarded compensation equal to 65% of his weekly wage of $20 for a period of three hundred weeks or a lump sum judgment for $3,900.
The question presented by the former appeal was, as stated by us, "whether, in the absence of blood relatives, a mother-in-law, a father-in-law and sisters-in-law, who lived with the deceased employee prior to his death and who were actually dependent upon him may recover compensation under the Workmen's Compensation Laws of Louisiana." Act 20 of 1914, as amended.
Paragraph (D) of subsection 2 of section 8 of the act, as amended by Act No. 242 of 1928, § 1, provides that: "No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child."
We were of the opinion that mothers-in-law, fathers-in-law and sisters-in-law were not members of the family of the deceased in view of the decision of the Supreme Court in Beard v. Rickert Rice Mills, 185 La. 55, 168 So. 492. That Court, however, reversed our decree and overruled the exception of no cause of action, thus holding that the "in-laws" referred to were members of the deceased's family.
The District Judge, in his reasons for the judgment from which the present appeal has been prosecuted, was of opinion that the plaintiffs were partial dependents and held that there was insufficient evidence of the earnings of the deceased during the year previous to his death upon which to determine an accurate or definite amount of weekly wage and, therefore, gave the plaintiffs the minimum of $3 per week.
[1] It appears that Anthony Camps, who had been married to the daughter of Mr. and Mrs. Archibald, took up his residence, after his wife's death, with her mother and father, who had been living at 1625 Frenchmen Street. The household consisted of Mr. and Mrs. Archibald, their two daughters, Mrs. Julius Bishop and Mrs. Harry Tauzin, and their young grandson. Mr. Archibald, who was confined to his bed at the time of Camps' death and who died before the trial in the district court in 1941, was receiving from the Welfare Department $25 per month as "an old man's pension relief", but this amount was reduced to $12 per month when Camps, his son-in-law, came to live with him. Mrs. Bishop, one of the sisters-in-law, received for the support of "her little boy, not herself, alimony $20.00 per month for the little boy, not herself."
Mrs. Harry Tauzin, when asked who was the head of the household, answered, "Well, my brother-in-law (Camps), he supported the house". Mrs. Bishop, however, declared that her mother was the householder. We mention this fact because counsel insist that there is a distinction to be drawn between the members of a family who are seeking compensation if the deceased is not the head of the household and that, in this case, Camps was living with his "in-laws" and they were not living with him. If there is any merit to this contention it is not important here because the evidence shows that Camps was the only source of revenue upon which the plaintiffs depended for their support. The small sum of $12 per month which Archibald received after his son-in-law came to live with him is unimportant because Archibald is not now before the court, even if this insignificant amount might otherwise be considered. The $20 which Mrs. Bishop received for the support of her small child is likewise unimportant because the child is not a party to these proceedings.
Our conclusion is that the plaintiffs were entirely dependent upon the deceased.
[2] It appears that Camps worked from time to time for the WPA and on other jobs, but the only proof in the record concerning his earnings is that for seven weeks prior to his death when he worked for the Wallace Plumbing Company, he was paid $20 per week for three weeks, *Page 180 
$16 per week for two weeks, $16.50 per week for one week, and $15 for the last week he worked. All of the plaintiffs testified that he contributed $15 per week, which was practically all that he earned.
Paragraph (E), subd. 8, of subsection 2 of the Compensation Act reads as follows: "If there be neither widow, widower nor child, nor dependent parent entitled to compensation, then to one brother or sister, thirty-two and one-half per centum of wages of deceased, with eleven per centum additional for each brother or sister in excess of one. If other dependents than those enumerated, thirty-two and one-half per centum of wages for one and eleven per centum additional for each such dependent in excess of one, subject to a maximum of sixty-five per centum of wages for all, regardless of the number of dependents."
Where, as here, there is neither widow, widower, child nor dependent parent, the brothers and sisters and other dependents are entitled to receive thirty-two and one-half per cent for one and eleven per cent additional for each other dependent in excess of one, provided the total compensation does not exceed sixty-five per cent of the employee's wages. Therefore, since there are three dependents, a mother-in-law, and two sisters-in-law, who are grouped in one class as "other dependents" without any priority in favor of any of them, the proper method of fixing their compensation would be to add thirty-two and one-half per cent, which the first dependent is entitled to, to twenty-two per cent, which the other two may receive, and obtain the figure of fifty-four and one-half per cent, which is the total due all three of them and divide by three.
In determining the basis of compensation the Supreme Court in Rylander v. T. Smith Son, 177 La. 716, 149 So. 434, 435, in affirming this court, declared that, though it was originally otherwise, compensation "is now fixed, by the amending acts, at 'the daily rate of pay * * * at the time of the injury.' "
There is a statement in counsel's brief to the effect that the deceased worked five days a week and that, therefore, his daily rate of pay should be $4 per day. However, we find nothing in the record to show that he worked only five days per week and, therefore, we conclude that his daily rate of pay was one-sixth of $15, which was the last amount paid him by the Wallace Plumbing Company, and that, consequently, his weekly wage was $15. Taking $15 as the base pay and multiplying it by fifty-four and one-half per cent, we get $8.18. Dividing this sum by three we get $2.73, which sum represents the weekly compensation to which each of the dependents are entitled. The compensation law, subsection 3 of section 8, as amended in 1928, establishes a maximum of $20 per week and a minimum of $3 per week, but if less than $3 the compensation should be equal to the full wages of the employee. That section reads as follows: "The term 'wages' as used in this act is defined to mean the daily rate of pay at which the service rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury, and anything herein contained to the contrary notwithstanding the maximum compensation to be paid under this act, shall be twenty dollars per week and the minimum compensation shall be three dollars per week; provided that if at the time of the injury the employee was receiving wages at the rate of three dollars or less per week, then compensation shall be full wages."
[3] The minimum, as established by this section of the act, we interpret to mean the total compensation to be paid by the employer regardless of the number of dependents. In the instant case we have found that each of the dependents would be entitled to $2.73, but the aggregate of these amounts is considerably in excess of the $3 minimum, consequently no further compensation is due. This method of interpreting the section with reference to the minimum compensation is, we think, the more evident when we consider that in the event the employee's wages are less than $3 per week the compensation (total compensation) shall be "full wages" which, of course, would be less than $3 regardless of the number of dependents.
For the reasons assigned the judgment appealed from is amended so as to read as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of each of the plaintiffs, Mrs. Charles Archibald, Mrs. Harry Tauzin and Mrs. Julius Bishop, and against the defendants, the Employers' Liability Assurance Corp. Ltd., and the Wallace Plumbing Company, in the sum of $2.73 per week for three hundred weeks, with interest at the rate of five per cent per annum from the due date of each installment beginning August 8th, 1940.
Amended and affirmed. *Page 181