## United States Coal & Coke Co. v. Hudson et al.

November 22, 1946.

James Sampson and Sampson & Sampson for appellant.

J. Leonard Davis for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

The issue is that of actual dependency under the Workmen's Compensation Act. KRS 342.001 et seq.

Joe Gillespie, colored, was accidentally killed in the mine of the appellant while at work. "Big Annie" Gillespie claimed the compensation as his widow. Isadora Gillespie claimed it as his dependent mother. Quintella Speight claimed it as his "housekeeper." She also claimed it for her daughter, Willie Mae Hudson, as a dependent residing in his household. The Board allowed the daughter's claim and dismissed the others. They did not seek a court review. The award to Willie Mae Hudson of $12 a week for 400 weeks was confirmed by the Circuit Court, and the employer appeals.

Joe, "Big Annie" and Quintella all seem to have overlooked the laws of marriage and divorce and substituted convenience for conventionality. Each had one or more living spouses. Quintella began living with Joe as his wife about two years before he was killed. Her daughter, Willie Mae Hudson, was told that they were married. About nine months before he was killed, on September 21, 1943, they moved into two rooms in a boarding or rooming house in Lynch. These rooms, in one of which the girl slept, were furnished in part by Joe. He furnished all of the provisions and the cooking was done in a kitchen which seems to have been used in common by all the roomers. It is undisputed in the evidence that Joe alone had fully supported the girl. He paid for her lodging, food, clothing and all other expenses, including her school books and a $100 saxophone. She bought things at the store or commissary and had them charged to him. The testimony is that he regarded her as his daughter and her mother as his wife in

every way. When he was killed the girl was fifteen years and five months old, according to her and her mother, but sixteen years and five months old according to a birth certificate of record in Alabama. All of this evidence clearly brings the case within the provisions of the statute allowing compensation to any person living in the household and dependent upon the employee at the time of his accidental death. KRS 342.075(3). This was the employee's household and the girl was a member of it although the formality of marriage with her mother was dispensed with. Their illegal relation does not deprive her of the right to compensation. Maryland Casualty Co. v. Coleman, 220 Ky. 764, 295 S. W. 1044; L. E. Myers Co. v. Noland, 222 Ky. 748, 2 S. W. 2d 387; Jones v. Louisville Gas & Electric Co., 209 Ky. 642, 273 S. W. 494.

The contention of the appellant is that if the girl was dependent upon the deceased employee at all, it was only a partial dependency. The argument is based upon two grounds: One is that her mother, Quintella Speight, had been earning $104 a month (less $30 for board) as a cook in the hospital at Lynch from October, 1942, until August, 1943, and had supported her daughter. There is no contradiction of the testimony that the mother spent nothing on her, but sent most of her earnings to her parents in Alabama. Although there are some circumstances tending to weaken the testimony, appellant's contention is based wholly on deductions or conclusions which are not very forceful. The second ground of the argument is that the girl went to Alabama in June, 1943, and remained there with her grandparents until September 18, 1943. She returned three days before Joe was killed. There is no evidence that during the three months she was away or the three days after her return the employee had contributed anything to her support. But the proof is that the girl, who was a high school pupil, had gone to visit her grandparents during vacation, although she did not return until two weeks after school opened; also that Joe had paid her way there and sent her a ticket for her return. All of her clothing had been paid for by him and her food and lodging during the three days after she came back. It is provided in KRS 342.070(3) (b): ''Partial dependency shall be determined by the proportion of the earnings of the employe which have been contributed to such partial de-

pendent during one year next preceding the date of injury; if the relation of partial dependency did not exist for one year next preceding the date of injury, the board shall consider all the facts and circumstances and fix such proportion as is fair and reasonable thereunder."

We cannot agree with the argument that the dependency should have been proportioned, which, although not expressly stated in the brief, seems to be that it should have been in the proportion of nine to twelve, or three-fourths dependency, since she resided in the household of the employee only nine out of the twelve months immediately preceding his death. There is no circumstance that suggests that the girl's absence from the household was other than temporary or a visit and that she was not being actually supported by him within the meaning of that term, as used in KRS 342.075(1) (c). The question of dependency existing at the time of the accident is "to be determined in the light of prior events and not to be controlled by an unusual temporary situation." Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S. W. 497; Fordson Coal Co. v. Lewis, 266 Ky. 70, 98 S. W. 2d 63; United States C. & C. Co. v. Sutton, 268 Ky. 405, 105 S. W. 2d 173.

While the case carries the impression of unfairness to the employer, since this girl will be drawing $12 a week until she becomes 24 years of age unless terminated on statutory grounds, yet under the law she is entitled to it.

Wherefore the judgment is affirmed.