TATE, Judge
(dissenting in part).
For the reasons fully stated in my dissent in the companion case of Holland v. Marquette Casualty Company, 95 So.2d 886, I dissent from the majority opinion insofar as it reversed the District Court’s *876 determination that the general employer’s insurer was liable in solido with the special employer’s for workmen’s compensation benefits arising from the decedent’s fatal accident.
But I feel additionally called upon in the present case to comment upon this Court’s denial of compensation as a dependent member of the family to Malacy Humphreys, the “common law” widow of Humphreys with whom for twenty five years she had been living in a stable union, and the mother of his dependent minor child, whose compensation award we have affirmed herein.
Two cases decided by this court have squarely held against the contention that the common law widow should be denied compensation, Patin v. T. L. James & Co., 39 So.2d 177, and Moore v. Capitol Glass & Supply Co., 25 So.2d 248, in both of which certiorari were denied. But these precedents, while perhaps binding upon the present court, are merely persuasive jas to the Supreme Court or the other circuits. And because this question may be re-evaluated anew by other appellate tribunals, I feel that it is not inappropriate to comment upon the previous ruling of this court in its context of contemporaneous and subsequent related developments in the construction of our compensation statute.
In Thompson v. Vestal Lumber & Mfg. Co., 208 La. 83, 22 So.2d 842, the Supreme Court overruled Beard v. Rickert Rice Mills, Inc., 185 La. 55, 168 So. 492 and several other decisions, to hold that an illegitimate child was, for purposes of workmen’s compensation, a dependent member of the family so as to be entitled to compensation in the event of the death of the wage earner by whom supported. The Supreme Court accepted the reasoning in the Archibald case, which held as quoted at 22 So.2d 854: “ ‘All that is required is a family or household and the existence of' the dependency of a member thereof.’ ”
In Archibald v. Employers’ Liability Assur. Corp., 202 La. 89, 11 So.2d 492, the Supreme Court held that a mother-in-law, father-in-law and two sisters-in-law, who lived with and were supported by the decedent at the time of his death in the course of his employment (the decedent’s wife had predeceased him), were dependent other members of the family. And in Patin v. T. L. James & Co., 218 La. 949, 51 So.2d 586, our high court held that the nephew of the concubine was a dependent member of the family, for purposes of the compensation act, because he lived with and was supported by the decedent (although not related at all by blood, nor a child of the union, actual or adopted). In both of these cases, there was no legal duty upon the decedent to support the dependents, and the dependents were equally in theory “at liberty to break off or terminate the relationship” as was Malacy Humphreys; even though she was, practically speaking, bound by ties of mutual parenthood of the minor child and the practical necessity because of the minor child of decedent’s support and mutual participation in the affairs of the household.
It should be understood that the present writer presents no brief for concubinage, nor does he suggest that the common law wife is necessarily a suitable candidate for the Ladies Altar Society. But it seems to me that we perhaps presume upon the prerogatives of the Great Creator of us all, if for moral unworthiness we punish, by denying recovery, a litigant in a civil suit. Such a rationale is foreign to the scheme and purposes of the compensation statute, which is designed to protect society, as well as the unfortunate dependents, from the evil social consequences arising from loss by industrial accident of the breadwinner’s capacities. See, for example, Puchner v. Employers’ Liability Assur. Corp., 198 La. 921, 5 So.2d 288.
Thought-provoking is . Professor Wex Malone’s criticism of this court’s denial of compensation protection to the concubine in the Moore case, found in his author^ itative treatise, Louisiana Workmen’s Compensation, Section 304, at page 399:
*877 “The writer suggests that this pronouncement is more moralistic than it is sound. No other claimant need prove his moral worthiness so long as he or she is dependent. It would seem that the fault of a dependent concubine should no more exclude her from compensation than should the fault of the employee himself. Furthermore, the position of the court ignores the wellknown fact that many negro couples live in concubinage through ignorance or because of the prohibitive cost of divorce proceedings, rather than because of moral delinquency. The social need for compensation here is as great as though the dictates of convention had been met. It does not seem fair that the employer or his insurer should profit by the windfall.”
I respectfully dissent in part from the majority decree herein.