## Log Mountain Coal Company v. Head.

(Decided May 13, 1927.)

### Appeal from Bell Circuit Court.

Master and Servant.—Under Workmen's Compensation Act (Ky. Stats., section 4893), providing that dependency shall mean dependency existing at time of accident, and section 4894, providing that compensation shall cease at the death or marriage of a dependent, and section 4895, providing that child includes stepchild, right of stepchild to compensation held not to terminate with remarriage of mother.

DAVIS & HARRISON for appellant.

JAMES S. GOLDEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Martin Head, an employee of the Log Mountain Coal Company, died on April 17, 1924. He was survived by his widow, Polly Head, and three stepchildren, the children of Polly Head by a former marriage, all of whom were under 16 years of age, lived in his household, and were dependent on him for their support. Compensation was paid by the employer to the widow individually and as guardian of the children until January 15, 1925, when the widow married another man, who left her in a short time and never contributed anything to the support of her children. Upon the remarriage of the widow, payment of compensation to the widow individually and as guardian of the children was discontinued on the ground that she was no longer the widow of the deceased, and that her children were no longer his stepchildren and dependents. On application to the Workmen's Compensation Board, it adjudged that the children were still entitled to compensation, and awarded them $11.77 per week for 335 weeks, or until the further orders of the board. On appeal to the Bell circuit court, the award was sustained, and from that judgment this appeal is prosecuted.

It is not claimed that the amount of compensation is not in accordance with the statute, but the sole question for decision is whether the right of the stepchildren to compensation terminated with the remarriage of their mother.

Section 4893, Kentucky Statutes, after providing to whom compensation is payable in case of death, provides:

"(4) All relations of dependency herein referred to shall be construed to mean dependency existing at the time of accident to the employee."

Section 4894, Kentucky Statutes, is as follows:

"The following persons shall be presumed to be wholly dependent upon a deceased employee: (a) A wife upon a husband whom she had not voluntarily abandoned at the time of the accident; (b) a husband incapacitated from wage-earning, upon a wife whom he has not voluntarily abandoned at the time of the accident to the wife; (c) a child or children under the age of sixteen years or over sixteen years if incapacitated from wage-earning, upon the parent with whom such child or children are living or by whom actually supported at the time of the accident. In all other cases the relation of dependency in whole or in part shall be determined in accordance with the facts of each case existing at the time of the accident, but no person shall be considered a dependent in any degree unless he be living in the household of the employee at the time of the accident, or unless such person bears to the employee the relation of father, mother, husband or wife, father-in-law, or mother-in-law, grandfather or grandmother, child or grandchild, or brother or sister of the whole or half blood.

"Compensation to any dependent shall cease at the death or legal or common-law marriage of such dependent, and upon the cessation of compensation to or on account of any person the compensation of the remaining persons entitled to compensation shall, for the unexpired period during which their compensation is payable, be that which such persons would have received during such unexpired period if they had been the only persons entitled to compensation at the time of the accident."

Section 4895, Kentucky Statutes, provides, in part, as follows:

"As used in this act the term 'child' includes stepchildren, legally adopted children, posthumous

children and recognized illegitimate children, but does not include married children unless actually dependent."

Appellant's argument in support of a reversal may be summarized as follows: If the children in question had been the offspring of Martin Head, they would have continued to be his children notwithstanding his death and the marriage of his widow. However, the relation of stepchildren to a stepfather is artificial and does not continue where his widow, who is the mother of the children, remarries. On the contrary, the relationship then ceases, and the stepchildren then become the stepchildren of the second husband and are no longer entitled to compensation. If the rule were otherwise, and a widow having children by a former marriage should marry several times thereafter, and each of her husbands should die by an accident arising out of and in the course of his employment, while he and his employer were operating under the Workmen's Compensation Act, her children would be the stepchildren not only of her last husband, but of all her former husbands, except their own father, and as such would be entitled to compensation for the death of their mother's last husband, whose stepchildren they then were, and to continued compensation from their prior stepfathers, although the status of stepchildren and stepfather was no longer in existence.

The argument is ably presented and strongly pressed, but the question is controlled by the Workmen's Compensation Act, and its provisions are such that we are unable to adopt the view of counsel. Section 4893, supra, makes it clear that all relations of dependency referred to in the act shall be construed to mean dependency existing at the time of the accident to the employee. As used in the act, the term "child" includes stepchildren (section 4895, supra), and not only are children under 16 years of age presumed to be dependent, but actual dependency of the stepchildren at the time of the accident to Martin Head is admitted. The Compensation Act does not provide in terms that compensation shall cease with the termination of dependency. On the contrary, it simply provides that compensation shall cease when the dependent dies or marries (section 4894, supra), thus excluding the idea that there were other conditions under which compensation would cease. The

Legislature might, with propriety, have guarded against the results that would follow from several marriages by the widow as presented in argument of counsel, but it did not do so, and we cannot ignore the provision that dependency means dependency existing at the time of the accident, and incorporate in the act conditions other than the death and marriage of the dependent, under which compensation shall cease. Were we to do so, consistency would require us to rule in every case that compensation ceased with dependency, thus making it possible for the employer to be relieved of a burden by fortuitous circumstances not contemplated by the act. We are therefore constrained to the view that neither the Workmen's Compensation Board nor the Bell circuit court erred in holding that the right of the stepchildren of the deceased to compensation did not end with the remarriage of their mother.

Judgment affirmed.