## Reliance Coal & Coke Company et al. v. Fugate et al.

(Decided February 7, 1930.)

JOUETT & METCALF for appellants.

HENRY L. SPENCER for appellees.

OPINION. OF THE COURT BY JUDGE DIETZMAN—Affirming.

Mitchell Fugate met his death while in the employ of the appellant on February 4, 1923. He left surviving him his mother, Nannie Fugate, and his sisters, Mary and Sallie Fugate. As Mitchell Fugate and his employer were working under the Compensation Law, an agreement was entered into by the employer and Fugate's dependents, his mother and sisters, whereby the employer

agreed to pay Nannie Fugate, for the benefit of herself and two daughters, $12 a week for 333 1/3 weeks. This agreement was submitted to the board and approved by it, and under the statute had the effect of an award of the board. At this time the appellee Sallie Fugate was an infant under 16 years of age. On October 29, 1925, Mary Fugate married, and on May 26, 1926, Nannie Fugate, the mother, remarried. The appellee Sallie Fugate became 16 years of age on February 3, 1926. At the time Nannie Fugate remarried, the employer had paid the agreed compensation for 183 weeks. It declined to pay any further, whereupon Sallie Fugate instituted proceedings before the Compensation Board to compel the employer to complete the payments in accordance with the original award. The hearing was held before one member of the board who decided that Sallie Fugate, having become 16 years of age and not being incapacitated from wage earning, was no longer entitled to compensation. She filed a petition for review in the circuit court, but, before it was heard, her application before the Compensation Board was reviewed by the full board which reversed the finding of the single member and held that, because Sallie Fugate had become 16 years of age, she was not thereby deprived of the right to future compensation, even though she was not incapacitated from wage earning. Thereupon the employer filed a petition for review of this order of the board in the circuit court. The employer also made application to the Compensation Board to reopen the original award for the purpose of determining the extent of the dependency of Sallie Fugate upon her deceased brother. This the board declined to do, and the employer took a petition for review of this order to the circuit court. All of these petitions for review were considered by the circuit court at one time, and he affirmed the compensation board in all particulars. From that judgment this appeal is prosecuted.

As stated in the brief for the appellants, the two questions presented by this record for determination are: First, when an infant dependent reaches the age of 16 and is not incapacitated from wage earning, does compensation which has been awarded during her dependency then cease? Second, compensation was awarded to three dependents. Thereafter two by marriage ceased to be entitled to compensation. Is the third now entitled

to the entire compensation which previously had been paid to the three?

The applicable sections of the Statutes are subsection 4 of section 4893 and section 4894 which read:

"(4)  All relations of dependency herein referred to shall be construed to mean dependency existing at the time of accident to the employee.

"(4894)  The following persons shall be presumed to be wholly dependent upon a deceased employee: (a) A wife upon a husband whom she had not voluntarily abandoned at the time of the accident; (b) a husband incapacitated from wage-earning, upon a wife whom he has not voluntarily abandoned at the time of the accident to the wife; (c) a child or children under the age of sixteen years, or over sixteen years if incapacitated from wage-earning, upon the parent with whom such child or children are living or by whom actually supported at the time of the accident. In all other cases the relation of dependency in whole or in part shall be determined in accordance with the facts of each case existing at the time of the accident, but no person shall be considered a dependent in any degree unless he be living in the household of the employee at the time of the accident, or unless such person bears to the employee the relation of father, mother, husband or wife, father-in-law or mother-in-law; grandfather or grandmother, child or grandchild, or brother or sister of the whole or half blood.

"Compensation to any dependent shall cease at the death or legal or common-law marriage of such dependent, and upon the cessation of compensation to or on account of any person the compensation of the remaining persons entitled to compensation shall, for the unexpired period during which their compensation is payable, be that which such persons would have received during such unexpired period if they had been the only person entitled to compensation at the time of the accident."

It will be noted that in defining what is "dependency" the statute in each instance refers to the status existing at the time of the accident. It therefore follows that the Legislature intended that the right to compensation so far as it is based on dependency shall be determined by the status existing at the time of the accident.

The status and the right to compensation being thus determined, did the Legislature intend them to be affected by subsequent changes in conditions or events so far as the dependency question is concerned? To some extent, yes, for the statute provides that compensation shall cease at the death or marriage of the dependent. By thus confining the cessation of compensation to the cases of death or marriage of the dependent, the Legislature made it plain that in all other cases the status of dependency once established was to continue throughout the period of compensation at least unless the award be reopened for fraud or mistake in its obtention, a question not presented by this record. In Log Mountain Coal Co. v. Head, 219 Ky. 799, 294 S. W. 470, 471, 53 A. L. R. 216, we said: "Section 4893, supra, makes it clear that all relations of dependency referred to in the act shall be construed to mean dependency existing at the time of the accident to the employee. . . . The Compensation Act does not provide in terms that compensation shall cease with the termination of dependency. On the contrary, it simply provides that compensation shall cease when the dependent dies or marries (section 4894, supra), thus excluding the idea that there were other conditions under which compensation would cease. The Legislature might, with propriety, have guarded against the results that would follow from several marriages by the widow as presented in argument of counsel, but it did not do so, and we cannot ignore the provision that dependency means dependency existing at the time of the accident, and incorporate in the act conditions other than the death and marriage of the dependent, under which compensation shall cease. Were we to do so, consistency would require us to rule in every case that compensation ceased with dependency, thus making it possible for the employer to be relieved of a burden by fortuitous circumstances not contemplated by the act."

It follows that, as the statute made the question of the appellee's dependency turn on what the facts were at the time of the accident, and there is no provision terminating her right to compensation solely because she had become 16 years of age and is not incapacitated from wage earning, the first question raised by this record must be answered in the negative.

Addressing ourselves to the second question we find in the award of the Compensation Board in this case that it is stated as a finding of fact that the appellee was by

the original award found to be totally dependent upon her brother at the time of his death. Section 4894 of the Statutes above quoted provides that, when a group of dependents are entitled to compensation and for some reason or other the right of any person of that group to further compensation ceases, the remaining persons in the group are entitled for the unexpired period to such part of the compensation which has been theretofore awarded as they would have received had they been the only persons entitled to such compensation at the time of the accident. The original award found these three parties totally dependent. Sallie Fugate therefore would have been entitled to all of the compensation then awarded had she been the only dependent at that time, and therefore, when the right of her mother and sister to share in that compensation ceased, she was under the statute entitled to all of the compensation. The case of Kelse Branch Coal Co. v. Spradlin's Guardian, 222 Ky. 432, 300 S. W. 892, 893, relied upon by appellant, is not in conflict with these views, because in that case there was presented a case of partial and not total dependency. In that case we specifically said: "In case of total dependency, upon the death or marriage of one of the total dependents, the compensation theretofore apportioned to him is payable to the remaining total dependents; but this rule does not apply to a case in which there are only partial dependents."

The appellant did not seek to reopen the original agreement which had the effect of an award on any ground of fraud or mistake, but took and takes the position that, the award having been made to three persons jointly, each one, though a total dependent, was entitled throughout the period of compensation to but one-third of the award. This position, as we have seen, is not tenable, and the Compensation Board did not err in refusing to reopen the original award on the basis urged by the appellant. The second question propounded by the appellant must, in the light of the fact of total dependency, be answered in the affirmative.

The judgment of the lower court being in accord with these views, it is affirmed.