## Fordson Coal Co. v. Lewis et al.

(Decided Nov. 6, 1936.)

G. R. BLACKBURN for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment of the Pike circuit court, affirming an award made by the Compensation Board in favor of the appellee, on account of the death of Ephriam Siggers while employed by the appellant, Fordson Coal Company.

It is agreed that Ephriam Siggers was killed in the mines of the Fordson Coal Company on November 14, 1930, by an accident arising out of and in the course of his employment, and that he was then earning sufficient wage to justify his dependents receiving the maximum award under the provisions of the Workmen's Compensation Act (sections 4880 to 4987, Kentucky Statutes), which both the employer and the employee had then accepted.

On November 24 next following Siggers' death, an agreement for compensation was entered into between his widow and the coal company, pursuant to which she was to receive, as his dependent, compensation in the amount of $12 a week for 333 1/3 weeks, which was paid her up to the time of her death on July 17, 1932. This agreement was filed with and approved by the Compensation Board on January 23, 1931.

A further payment of compensation in the sum of $41.12 was paid her administrators, who receipted therefor as a payment made in final settlement of the compensation claim.

Thereafter, the company refusing to pay further compensation to certain minor children of the deceased employee, claiming same as being of the group of his dependents at the time of his death, Annie Louise Sig-

gers (now Lewis) on January 27, 1934, filed her petition and motion with the Compensation Board to reopen the case, for a modification of the agreement, and that she be adjudged, as a dependent of Siggers, entitled to the remainder of the compensation due under it.

The defendant (here appellant) filed response to the motion, alleging that, at the time of Ephriam Siggers' death, the plaintiff and claimant, Annie Louise Siggers, was more than 16 years of age and was not then a member of the household of the deceased, but a member of the household of Reuben Siggers, in Charleston, W. Va., and filed therewith certain supporting affidavits.

The board, on February 20, 1934, entered an order denying the motion to reopen, whereupon plaintiff made application for a full board review, in turn filing in support thereof numerous affidavits.

On July 17, 1934, the board ordered that the case be reopened and that the parties be permitted to take proof upon the decisive question as to the total dependency of Annie Louise Siggers upon her father at the time of his death.

Upon the pleadings and proof so taken, the board on June 18, 1935, found claimant was both a member of his household and totally dependent upon her father, the deceased employee, for her support, and accordingly entered an order adjudging the appellee the remaining compensation due under the appellant's earlier agreement therefor had with her mother, from July 7, 1932, the date of the death of the widow, until November 17, 1934, the date on which Annie Louise Siggers, the appellee, married.

The defendant coal company thereupon filed motion for a further full board review, which was sustained, when the board on this further review affirmed its award of June 18, 1935.

The appellant coal company, objecting to this ruling, appealed to the Pike circuit court, where, upon trial there had of the proceedings before the board, its award was affirmed.

The coal company, still challenging the propriety of this holding, has further appealed, presenting here for our review the one question as to whether or not the claimant, Annie Louise Siggers, was, within the meaning of the Compensation Act, wholly dependent upon

her father, the deceased employee, for her support and a member of his household at the time of his accidental death on November 14, 1930.

It is agreed that the claimant, Annie Louise Siggers, was born on September 2, 1914, and became 16 years of age on September 2, 1930, or about 2½ months next before her father's death.

Further, the pertinent evidence, upon the question of her dependency, as given by plaintiff and her several witnesses, is that on September 7, 1930, she, with her two somewhat older sisters, were carried by her father from their home in McVeigh, Ky., to Charleston, W. Va., where he entered them as students in its high school. Further, plaintiff testified, and is corroborated by a number of her witnesses, that she had never before been sent to this Charleston school nor had lived in or been a member of any other household except that of her father up to the time of his death, and that she had never, before leaving her father's home, had any employment, earned any wage or contributed anything whatever towards her own support, but that same was, up to such time of her father's death, furnished by him to her as a totally dependent member of his household.

She states that, after going to the high school at Charleston, she was temporarily employed as a substitute for some waitress there for about a month, for which service she earned and was paid $5 a week and one daily meal, and that she had also during such time earned 75 cents on two different occasions, when hired by an undertaker.

The board, in its consideration of this evidence, found that such brief and inconsequential instances of employment and earning, while there engaged upon her school work, did not constitute employment of such character or amount as would deprive her of her right to compensation or affect her status of a total dependent upon her father, the language of its finding being as to this that "the mere fact of her having been employed for a period of four weeks after school hours does not in the opinion of the board, constitute that character of employment which would deprive her of her right to compensation as a dependent."

As stated supra, this ruling of the board was affirmed by the Pike circuit court, to which appealed for review.

74

Upon this evidence, it is appellant's contention, and earnestly insisted upon, that such earnings and sporadic employment were of such consequence and materiality as to constitute claimant a wage earner, contributing in part to her support, from which it followed that claimant was thus prevented from being properly adjudged to be totally dependent for support upon her father, and cites as here controlling the recent case of James E. Pepper & Co. v. Travis, 260 Ky. 725, 86 S. W. (2d) 683.

After considering the facts found in that case, upon which a ruling of only partial dependency was made, we are of the opinion that they serve to present so different a condition of household relationship as to distinguish it from that here presented.

There the right to compensation, growing out of the death of Stanley Travis, an employee, was involved. The facts shown were that the deceased, Stanley Travis, was a member of a household of five, which included an aunt, Jennie, and a sister, Dorothy. It appears that the expense of running the household during the year prior to Stanley's death amounted to $1,037.74, towards which three of the group, Stanley, his aunt, Jennie, and his sister, Dorothy, contributed all of their earnings. Stanley contributed $848.65, Jennie $132.05, and Dorothy $57.04.

The court held that the aunt and Dorothy, having each earned and made such contributions towards their own support, were partial rather than total dependents upon Stanley, saying:

"Both Jennie Travis and Dorothy Travis earned substantial amounts which they used for their support, and it cannot be said they were wholly dependent on the deceased employee."

In the instant case it is not contended that the claimant had at any time during the 16 years she lived with her father, as a member of his household, and before being sent to school in West Virginia, either earned or contributed anything to the support of herself as a member of her father's household, but it was shown, on the contrary, by the testimony of several witnesses, that she was entirely and wholly maintained and supported by her father as a member of his household up to the time of his death, and that she did not cease to be a member of his household even when temporarily placed

in a school in Charleston by her father. Especially do we deem this so in view of the evidence of the claimant and her witnesses that he there continued to wholly maintain and support her, without regard to the small amounts of money she there earned or how they were used by her.

While it appears her brother, Reuben Siggers, did make an affidavit for the defendant that he had furnished a home and support to the claimant when in school at West Virginia, he later, when testifying in the case, states in explanation that such assistance and support given by him to his sister was given her only after his father's death and that he had contributed nothing by way of board, money, or clothes to her support before that time.

Clearly the Compensation Board was the sole judge as to the weight and credibility of this evidence and as to the facts of the case where, as here, supported by any evidence, it being the well-settled rule that the judgment of the Compensation Board will not be disturbed, if there is any evidence to sustain it. "The relation of 'the * * * dependency' is to 'be determined in accordance with the facts of each case existing at the time of the accident.'" Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S. W. 497, 498. The sections of the Statutes here applicable are subsection 4 of section 4893 and section 4894, which read:

"[4] All relations of dependency herein referred to shall be construed to mean dependency existing at the time of accident to the employee.

"4894. The following persons shall be presumed to be wholly dependent upon a deceased employee: * * * a child or children under the age of sixteen years, or over sixteen years if incapacitated from wage-earning, upon the parent with whom such child or children are living or by whom actually supported at the time of the accident. In all other cases the relation of dependency in whole or in part shall be determined in accordance with the facts of each case existing at the time of the accident, but no person shall be considered a dependent in any degree unless he be living in the household of the employee at the time of the accident. * * *

"Compensation to any dependent shall cease at the death or legal or common-law marriage of

such dependent, and upon the cessation of compensation to or on account of any person the compensation of the remaining persons entitled to compensation shall, for the unexpired period during which their compensation is payable, be that which such persons would have received during such unexpired period if they had been the only persons entitled to compensation at the time of the accident.''

Such being the applicable provisions of the Compensation Law, the following questions arise: Was the appellee claimant, at the time of her father's death (some two months after she became sixteen years of age and when, it is admitted, she was not incapacitated for wage earning), to be considered as one of the group totally dependent upon her father and entitled to share in his compensation as such? and further, Was she at such time, when temporarily absent from home by reason of attending school in West Virginia, where she was briefly employed for a small wage, yet a member of her father's household and her status of total dependency unchanged thereby?

The quoted provisions of the statutes make the question of the appellee's dependency upon her father turn on what the facts were at the time of his accidental death, as they contain no provision terminating her right to compensation solely because she had become 16 years of age and was not incapacitated for wage earning.

In the case of Reliance Coal & Coke Co. v. Fugate, 232 Ky. 760, 24 S. W. (2d) 605, this question was considered and answered by us to the effect that the mere fact of becoming 16 years of age would not in itself, under the provisions of the statutes, terminate the status of dependency.

There was evidence here before the board that the appellee, at the time of her father's death (though she was then in school in West Virginia), none the less continued to be a member of his household and remained totally dependent upon him for support, which he continued to provide her. The mere fact that she was able to there earn a few dollars by a brief and temporary employment, we are of the opinion, did not (as was held by the board and court) terminate her total dependency upon her father, nor was it such character of employ-

ment as would deprive her of her right to compensation as a dependent, especially as it appears he continued, irrespective of such earnings, to have recognized her total dependency and wholly supported her as found by the board.

As said in the case of Blue Diamond Coal Co. v. Frazier, 229 Ky. 450, 17 S. W. (2d) 406, 407:

"The rule is well settled that the judgment of the Compensation Board will not be disturbed, if there is any evidence to sustain it. The rule also is that the Compensation Act must be liberally construed, with the view to promoting its purposes. One of the purposes of the act is to provide for the dependents of the workman injured in the course of his employment, for their right to sue and obtain compensation for his death, under the constitutional provision, is taken away. The statute, therefore, should be liberally construed in their favor. A person may be wholly dependent on an employee, although he may have some slight savings of his own, or some other slight property, or be able to make something by his own services. [Citing 40 Cyc. p. 60, sec. 51; Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S. W. 497; Tway Coal Co. v. Fitts, 222 Ky. 644, 1 S. W. (2d) 1082]."

Therefore, it here appearing that under the quoted provision of section 4894 of the Compensation Act appellee (for the reasons stated) was one of the group entitled to share, as a total dependent, in the compensation of her father at the time of his death; she; jointly with her sisters occupying a like status, became entitled, upon the death of her mother, to ratably share in the compensation allotted the mother, and after the sisters' marriage, she thereupon became entitled to receive the entire weekly compensation up until the time of her own later marriage on November 17, 1934, with interest thereon. Such right having been adjudged her both by the Compensation Board and the lower court, we are of the opinion that the judgment of the lower court, being in accord with our views as herein above indicated, should be, and it is, affirmed.