# Mullins v. Jennings' Guardian et al.

(Decided March 25, 1938.)

WILLIAMS & DENNY for appellant.

J. J. FELTON and H. J. McCLURE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

On and prior to August 16, 1926, Eddie Jennings was in the employ of the Andrews Steel Company in Newport, Ky. Both he and his employer were operating under our Workmen's Compensation Act, Kentucky Statutes, sec. 4880 et seq., and on the day indicated he sustained a fatal accident compensable thereunder. He left surviving him his widow, the appellant and plaintiff below, Nancy Mullins, and two infant sons, the appellees, Everett Jennings and Hubert Jennings. They were then about 6 and 4 years of age, respectively, and neither of them at that time had a statutory guardian. Application was made to the Board of Compensation by the widow for herself and her two infant children, as dependents of her deceased husband, for an award under the statute, which was later rendered whereby the widow was allowed for herself and children weekly installments to continue for 335 weeks (under unchanged conditions), not to exceed a total amount of $4,000. The weekly payments were made for about 2 years, when the widow (appellant here), in consultation with relatives of herself and children, concluded that it would be best for herself and children if the balance of the allowed compensation were paid in a lump sum and to invest it, or enough of it, in a home for herself and children as dependents of her deceased husband. Thereupon due application was made to the Compensation Board in connection with negotiations with their employer, or its indemnity company, which culminated in an amended award whereby the widow, representing herself and children, was paid in final settlement of all future installments the lump sum of $2,700. But it was stipulated and determined by the board as a part thereof that the title to any real estate that might be purchased with the fund should be taken to the three (the widow and each of her two children), with the proviso that at the death or remarriage of the widow all of her title in the property should cease and immediately vest in her two children jointly.

After the rendition of that award, and the payment

of the lump sum therein determined as the present value of the balance due under the original one, a tract of land containing 90 acres was purchased with the aid and assistance of the appellee and defendant below, Melvin Jennings, who in the meantime had been appointed and qualified as statutory guardian of the infant, Everett Jennings—the other infant appellee and defendant below, Hubert Jennings, never having become the ward of any statutory guardian. The land agreed to be purchased was owned by one W. W. J. Alcorn, and the price was $20 per acre, or a total sum of $1,800. He met Hon. B. J. Bethurum in the latter's office in Mt. Vernon, Ky., for the purpose of making the deed pursuant to the agreement, and also with the requirements of the modified award. Plaintiff was then residing in Pittsburg, Laurel county, Ky., where she was on the day the deed was drafted by Mr. Bethurum in his office—he having represented the dependents throughout all of the proceedings before the Compensation Board.

The vendor, Alcorn, insisted on the attorney calling plaintiff over the telephone and explaining to her the conditions and stipulations to be inserted in the deed, as hereinbefore indicated, limiting her interest in the conveyed real estate in accordance with the requirements of the Compensation Board, and which is likewise in conformity with the provisions of our statute for the payment of compensation. See section 4909 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. The deed was finally so executed and the consideration was paid to the vendor by check issued against the lump sum settlement fund which had been deposited in a bank in Mt. Vernon, Ky., in the name of plaintiff; but it will be perceived that $900 of the fund was not invested in the purchased land, though it, according to the testimony, was used in making improvements thereon after the title was so obtained.

Following the completion of the purchase, which was in 1928, plaintiff married one Mullins, and she and her husband, together with her two infant children, moved upon the farm, and have since continued to reside thereon, except the infant Everett Jennings, who left and took up his residence with some of his grandparents some time before the filing of this action in the Rockcastle circuit court by plaintiff against her two infant children, and the guardian of the elder one, on

August 21, 1935. By her petition she sought to cancel or reform the deed as it was written so as to eliminate therefrom any attached conditions—whereby her interest therein would become forfeited—upon the ground, as she alleged, that such limitations upon her interest were inserted in the deed without her knowledge or consent, and through fraud or mistake on the part of her attorney. Before she ceased filing amendments she asserted (a) that the fund arising from the lump sum settlement composed a part of the assets of her husband's estate; (b) that, if mistaken in that contention, then she became the absolute owner of a one-third undivided interest in and to the purchased farm, and (c) that she was entitled to remuneration for expense in caring for and maintaining her infant children and that she should be allowed the sum of $15 per month for each of them for that purpose and that it should be declared a lien on the land which she asked to be enforced.

All of the material facts averred in plaintiff's pleadings were denied by the answer of Everett Jennings, but the infant Hubert Jennings filed his personal answer, in which he admitted the averments of his mother's petition and joined in the prayer thereof. A guardian ad litem was later appointed for him and he moved to strike his ward's previously filed answer from the record and to adopt the one filed by his ward's ·brother, which motion the court sustained. The defensive pleadings as so made up also contained a counterclaim for rent of the premises from and after the time the plaintiff remarried, and for waste that she and her husband had committed to the premises, consisting mainly in selling timber therefrom. Following pleadings made the issues and upon submission the court dismissed plaintiff's petition and rendered personal judgment against her for $300, the supposed amount of timber that she and her husband had sold from the farm while living upon it. From that judgment she prosecutes this appeal.

Counsel for appellant argue the contentions made in the pleadings of their client as hereinbefore pointed out. Those arguments are combated by counsel for defendants upon three grounds: (1) That the attacked deed was executed on January 5, 1928, and the petition was not filed until August 21, 1935, a period of 7 years, 7 months, and 19 days, and as a consequence the action

was barred under the provisions of sections 2515 and 2519 of our Statutes, supra, notwithstanding the limitations statutes were not expressly pleaded in any of the answers; (2) that the fund represented by the amount paid in the lump sum settlement was and is a trust fund for the benefit of the dependents of the deceased employee, as directed by the statute, and it may not be diverted from the object and purposes of its creation in the manner here employed, i. e., by investing it in real estate, although the title thereto might be unconditionally conveyed to the one asserting absolute right therein, which in this instance, as we have seen, is the employee's widow; and (3) that the evidence abundantly sustains the evident finding of the chancellor that there was neither fraud nor mistake in inserting the forfeiting conditions in the deed of the wife's interest in the land upon the two contingent events therein named, but that on the contrary she fully understood all of the conditions of the deed and accepted it with such knowledge. We will but briefly discuss those defenses, since we entertain no doubt as to the soundness of each of them, though No. 1 does not appear to have been so permanently settled as the other two.

1. The cases of Cox v. Simmerman, 243 Ky. 474, 48 S. W. (2d) 1078; House v. Farmers State Bank, 269 Ky. 80, 106 S. W. (2d) 113, and other domestic ones cited in those opinions, manifest a construction of sections 2515 and 2519, supra, of our Statutes—designating the limitations therein provided for in actions for relief against fraud or mistake—as imposing conditions precedent to the right of action and that they do not prescribe a limitation period against the filing of such actions for the personal benefit of defendant and which he may waive by failing to expressly rely thereon. Those cases hold that it is the duty of plaintiff in such an action to allege and prove, if denied, that his action is not barred by the limitations prescribed by those statutes, and that the question is sufficiently raised under that interpretation by the filing of a demurrer to the petition, which was done in this case and it was overruled. It will be noted that under that interpretation plaintiff's right to maintain this action was barred within 5 years after the delivery of the deed to her, or possibly within 5 years after its due execution by the vendor of the land in controversy, provided she discovered, by the exercise of due diligence, the fraud or

mistake within that time. But, if she failed to do so, then under the provisions of the latter section (2519) the action could be maintained if brought within 10 years after the commission of the fraud or mistake complained of, but must in any event be brought within that time.

Five years had more than elapsed when this action was filed. The deed in the meantime had been in the personal possession of plaintiff. She could read and write and could have easily ascertained its contents. In the case of Johnson v. Fetter, 224 Ky. 788, 7 S. W. (2d) 241, 246, wherein we had under consideration a similar question arising under the same statutes, we held that the action was completely barred after the expiration of the 5 years from the commission of the alleged fraud and mistake, unless plaintiff (the one complaining thereof), after exercising due diligence to discover it, had failed to do so. Upon the question of the character of diligence necessary to be exercised to make the discovery we said: "One so situated may not sit supinely by and exercise no diligence to discover the wrong perpetrated upon him. He must bestir himself, and, if he could have discovered the fraud or mistake by the exercise of reasonable diligence, it is his duty to do so." We then cited some of the cases appended in notes to section 2519, supra, of our Statutes, in substantiation of that declaration, and which is in accord with all of our opinions as well as those of other courts and text-writers. Here, plaintiff failed to exercise—if her testimony is to be believed—the slightest diligence to discover the contents of the deed sought to be canceled or reformed herein, and it is folly to assert that she exercised any sort of recognizable diligence to make that discovery. We therefore conclude that further discussion of this argued ground is unnecessary.

2. In discussing this ground, attention should be first called to sections 4907 and 4908 of our Statutes, supra, being parts of our Workmen's Compensation Act providing for the payment to dependents of lump sum settlements. They cannot be made in any event, except by the approval of the Compensation Board. See Hatfield v. Billiter & Wiley, 231 Ky. 736, 22 S. W. (2d) 129; Eagle Fluorspar Company v. La Rue, 231 Ky. 757, 21 S. W. (2d) 1026; and Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S. W. 533, 47 A. L. R. 789, and cases referred to in those opinions.

When so consented and agreed to by the board, the amount agreed upon is required by section 4908, supra, of our Statutes to be paid "to any suitable person or corporation appointed by the judge of the county court of the county of the residence of the injured employee or of his dependents *as trustee* to administer or apply *the same for the benefit of the person or persons entitled* thereto." (Our italics.) When the fund is so receipted for by such appointed trustee, the employer or his insurer will become completely discharged from further liability. But the payment was not so made in this case, since the county court of no county having jurisdiction under that section appointed any trustee to receive the lump sum amount. However, that fact is not material in this case, since no complaint is made thereof by either of the infants. The provisions of the section (4908) clearly and conclusively show that the lump sum settlement was regarded by the Legislature as a *trust fund* for the benefit of the dependents and to be administered in accordance with the terms and provisions of the act so as to accomplish the purposes of its enactment. Those purposes are the creation of a fund to be expended as therein directed in maintenance and support of the widow and other dependents for and during the period of compensation, or for her life if she should die before its expiration, unless she should marry again, at which time her right to compensation ceases, and the other dependents become entitled to all the fund if it is required to supply and discharge their dependency upon the deceased servant. Section 4894 of the same Statute, being a part of the same act. See, also, Log Mountain Coal Company v. Head, 219 Ky. 799, 294 S. W. 470, 53 A. L. R. 216; Noe v. Noe, 229 Ky. 490, 17 S. W. (2d) 405; and Reliance Coal & Coke Company v. Fugate, 232 Ky. 760, 24 S. W. (2d) 605. Also the text in Schneider's Workmen's Compensation Law, 2d Ed., volume 2, p. 1289, which says: "On the remarriage of a widow, most states whose acts terminate compensation to the widow on such re-marriage allow children to claim sums which would otherwise be due to the widow."

In note 10 to that text are found many cases, among which are the last-cited domestic ones supra. It is therefore clear that the consideration paid for the farm involved in this case was a *trust fund* which the statute under which it was created earmarked as such,

and imposed thereon certain conditions which the courts are required to enforce. One of those conditions is, as we have seen, that a widow's interest therein ceases upon her subsequent marriage and that in no event does she take an absolute interest in the fund. Her rights in and to any property that might be purchased with that fund do not become enlarged by such an investment. On the contrary, they should follow the provisions of the statute with reference to her beneficial interests that it creates. Therefore, we have no hesitancy in concluding that plaintiff herein forfeited all interest that she had in and to the involved farm when she married Mr. Mullins, even if the deed had not so provided.

3. Both the vendor and Judge Bethurum testified that before the deed was drafted the attorney at the request of the vendor called plaintiff over the telephone and held a conversation with her in which he fully explained the determinations of the Compensation Board on its second hearing of the case for the payment of a lump sum settlement, and also told her that the deed would have to be conditioned in accordance therewith and that she agreed thereto. The vendor stated that he was sitting close to the telephone and he heard plaintiff when she consented thereto and, of course, he heard what the attorney spoke over the telephone to her. The court found such to be the fact, and that finding is abundantly sustained by the express testimony and all the circumstances in the case. In such circumstances we are not authorized by the well-settled rule of practice to disturb the court's finding on that issue of fact. We, therefore, not only concur in that finding in this case, but we feel that it would have been difficult for the trial court to have arrived at any other conclusion.

The judgment against plaintiff for $300 as the alleged value of timber which it is claimed she suffered and permitted to be taken from the farm after her marriage to Mullins is not supported by any convincing testimony. It undoubtedly appears that some timber from the premises was converted into lumber; but the record fails to show what became of it other than a considerable portion of it was used in building a residence and some outbuildings on the premises at a total cost of something in the neighborhood of $1,500. It was denied in plaintiff's pleadings that she converted any of the timber on the land into lumber and sold it

from the premises, and the only proof on that issue was a brief statement made by the guardian of Everett Jennings that he saw Mullins haul a load of lumber, or, perhaps, more than one load, under conditions that made him believe he was selling it to others. But that testimony is too indefinite to either prove the fact of a conversion of the lumber or, if any, the amount thereof. It is therefore manifest that the court should not have rendered that judgment against plaintiff.

The other reliances hereinbefore referred to made by plaintiff, designated supra, as (a), (b), and (c), are so unfounded and so far removed from merit as to render them unworthy of discussion, and counsel appear to be of the same opinion, since but little attention is paid to them in briefs.

Wherefore, the judgment is affirmed in so far as it dismissed plaintiff's petition; but it is reversed in so far as it rendered judgment in favor of defendants against her for $300, and the court is directed to set aside the latter judgment and dismiss defendants' counterclaim therefor, and for other proceedings not inconsistent with this opinion. The costs in this court will be equally divided by plaintiff paying one half and defendants the other half thereof.