## Turner, Special Deputy Banking and Securities Com'r v. Risner et al.

Dec. 13, 1939.

John E. Campbell for appellant.

Richard P. Dietzman, J. Mott McDaniel and E. C. Hyden for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment against the Hargis Bank & Trust Company for $500 in favor of the appellee Bedford Hollon. The appellee was also adjudged a lien on a tract of land formerly owned by the bank but sold to the appellant Perry Realty Corporation during the pendency of the action. Briefly stated, the facts are these:

On May 8, 1925, George Hollon, father of appellee Bedford Hollon, was killed while working in a coal mine. He left surviving him as his heirs and dependents a widow, Nancy Hollon, now Nancy Risner, the appellee Bedford Hollon, a son, and Junior Hollon, another son who died in infancy and before the institution of this action. George Hollon and his employer had accepted the provisions of the Workmen's Compensation Act, and compensation was awarded to his widow and two infant children. Later the future payments were commuted to a lump sum, and $2,300 was paid to Nancy Hollon for the benefit of all the dependents, and she deposited the money in the Hargis Bank & Trust Company. In November, 1926, Nancy Hollon went to Ohio and left her two infant children with her parents, Mr. and Mrs. H. P. Barrett. Before leaving Kentucky, she gave her mother a check for $1,841, the balance of the compensation fund then on deposit in the Hargis Bank & Trust Company. She authorized her parents to purchase a farm with the money on which they and her children could live. Mr. Alec Hargis was president of the Hargis Bank & Trust Company, and knew the source of the deposit made in the name of Nancy Hollon and also that she desired to purchase land for the use and benefit of her children. The Hargis Bank & Trust Company owned a number of farms which Mr. Hargis was anxious to sell. At the solicitation of officers of the bank, H. P. Barrett agreed to purchase 100 acres of land located in Lee county for $2,500. Barrett requested Mr. Hargis to make the deed to Nancy Hollon and her two children, but Hargis insisted on making the deed to Barrett and suggested that he could convey the land to his daughter and her children after his daughter's return from Ohio. On February 19, 1927, the bank executed a deed to Barrett. He paid to the bank $1,500 in cash and executed to it his note for $1,000 bearing interest at the rate of 8 per

cent. per annum. A lien was retained in the deed to secure the payment of the note. The cash payment was made out of the compensation fund belonging to Nancy Hollon and her two children, and this fact was known to the bank. The only proof as to the value of the land at the time it was sold to Mr. Barrett was to the effect that it was worth less than $1,000. Barrett paid the first year's interest, amounting to $80, but was unable to meet the interest payments thereafter, and the bank brought an action on the note and asked that the land be sold to satisfy the lien. On November 13, 1929, H. P. Barrett and wife conveyed the land back to the bank in consideration of the $1,000 indebtedness. The Hargis Bank & Trust Company became insolvent in 1930, and the appellant Ervine Turner was appointed special deputy banking and securities commissioner to wind up its affairs. As liquidating agent of the bank, he conveyed the land in question to the appellant Perry Realty Corporation on March 2, 1936, more than a year after this action was instituted. The Perry Realty Corporation filed an intervening petition alleging that it was a bona fide purchase for value and asking to be made a party, but in an amended intervening petition it admitted that it knew of the pendency of the action. It therefore stands in no better position than its grantor. The only witness introduced by the defendant was Ervine Turner, the liquidating agent, who merely introduced the records of the bank which showed that Nancy Hollon's account was closed on November 26, 1926.

It does not appear that Nancy Hollon was appointed by the judge of the county court of the county of the residence of her deceased husband as trustee to administer for the benefit of his dependents the fund paid to her in settlement of the compensation claim. See Section 4908, Kentucky Statutes. Nevertheless, she held the money in trust as did her father and mother to whom it was delivered. When the money was invested in land, the trust did not cease, although title was taken in the name of H. P. Barrett, and the land was impressed with the same character of trust. Mullins v. Jennings' Guardian, 273 Ky. 68, 115 S. W. (2d) 340. The Hargis Bank & Trust Company knew the trust nature of the fund, and that it was being used to purchase from the bank land to be held in the name of H. P. Barrett for the use and benefit of the dependents of George Hollon. Barrett, as trustee, was without authority to invest the trust money

in land and then jeopardize the interest of the beneficiaries in the fund by encumbering the land with a lien to secure the balance of the purchase price. Harris v. Preston, 153 Ky. 810, 156 S. W. 902. There was a misapplication of the trust fund which was participated in by the bank. With knowledge of the nature of the fund, the president of the bank sold to the trustee land owned by the bank for a sum not only far in excess of the value of the land but in excess of the trust fund, and required the trustee to execute to it a note for $1,000 for the excess secured by a lien on the land, thus jeopardizing the interest of the beneficiaries in the fund. Later, it took back the land, and, at the time this action was instituted, it had both the trust fund and the land. Under these circumstances, the beneficiaries of the trust were entitled to a lien on the property. Before the institution of the action, Nancy Hollon had married and Junior Hollon, one of the infant beneficiaries, had died. The interest in the fund of the infant, Bedford Hollon, the remaining beneficiary, was more than $500, but no cross-appeal has been filed.

For the reasons indicated, the judgment is affirmed.