6 So.2d 427

### KILBY STEEL CO. v. ROBSHAW.

#### 7 Div. 689.

Supreme Court of Alabama.

Feb. 19, 1942.

352

Chas. F. Douglass, of Anniston, for respondent.

FOSTER, Justice.

The question in this case is a proper application of the Workmen's Compensation Law to the facts here involved.

An employee of the company died January 21, 1941, leaving a dependent wife and dependent step-child. Within a few weeks the wife remarried. The question is whether the child thereafter is compensable under what has been codified as section 283, subd. A, par. 12, Tit. 26, Code of 1940, or under section 284, as amended by the Act of July 10, 1940, effective January 1, 1941, Acts 1939, page 1036. We will refer to section 283, subd. A, par. 12, instead of section 5 (g) of the Act of March 17, 1936, Acts, Special Session 1936, pp. 9, 16 and 17, and to section 284, as thus amended, and to section 290, Title 26, Code of 1940, as stating the statutes in question, although the Code of 1940 was not in effect when the employee died. But those statutes set out the law as then in force. The Act of 1936, section 283, subd. A, par. 12, supra, provides that if any dependent dies or remarries, his compensation ceases, and upon cessation of compensation for any cause, that the compensation of the remaining dependents shall for the unexpired period during which their compensation is payable be that which would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased employee. The same provisions appeared in the Act of September 9, 1935, section 5 (g), Acts 1935 pp. 831, 838.

Knox, Liles, Jones & Blackmon, of Anniston, for petitioner.

The Code of 1923, section 7556, which those acts amended, merely provided in this connection that on the death or marriage of a dependent, compensation should cease, making no other provision as to the effect of such death or marriage. But section 7564 of that Code, Title 26, section 290, Code of 1940, is as follows: "If compensation is being paid under this article to any dependent, such compensation shall cease upon the death or marriage of such dependent. Where compensation is being paid under this chapter to any dependent, in no event shall such dependent receive more than the proportion which the amount received of the deceased employee's income during his life bears to the compensation provided hereunder."

 The last clause of the section was said to apply when the dependent was a member of a family group receiving in the home full benefit of the workmen's earning power at the time of his death. Central I. & C. Co. v. Coker, 217 Ala. 472, 116 So. 794.

In the same Code there is section 7555, whereby on the remarriage of a widow of an employee who also had dependent children, an unpaid balance of compensation which would otherwise have become payable to her should be paid to such children. So that under the Code of 1923, if a widow should remarry her allowance was thereafter payable to the dependent children, but under section 7556, if any other dependent married, no provision was made for such future payments. But those sections and 7564, provided for cessation of compensation on marriage of a dependent, whether the widow or not. The acts of 1935 and 1936, supra, amended section 7556, which had referred to the marriage of any dependent without amending section 7555. When the amendment of section 7556 was made, it provided a different result from that under section 7555, which applied to the remarriage of the widow, and not to any other dependent. The amendment also included death as well as marriage. Section 7555 refers to the remarriage, not death, of the widow.

 So we are confronted with the question of whether the amendment of section 7556 also amended section 7555 by implication. We presume the legislature meant to create a status such as would not include conflicting provisions, especially when the amendment of section 7556 provided that it applied "unless otherwise

provided in this Article." Section 7555 was in the same article.

 That section was reenacted in 1939, supra, with an addition not here important. But it shows a clear unmistakable purpose not to repeal or amend that feature of it which is here important. It has reference to a particular situation. The remarriage must be of the widow, and there must be at that time dependent children of the employee. (It did not include the death of the widow.) When so, such children shall receive an amount as there provided different from the provisions of section 283, subd. A, par. 12, supra, where some dependents receiving compensation (other than the widow) shall die or marry, and where the other dependents may or may not be the children of the employee. The two features of the law have a separate field of operation, and must be given separate effect. This adds emphasis to our interpretation of it that it did not affect section 7555, supra.

The cases of Ex parte Central Iron & Coal Co., 212 Ala. 367, 102 So. 797, and Id., 209 Ala. 22, 95 So. 472, are not of material value since they were decided prior to the Acts of 1935 and 1936, supra.

The fact that the child in question was a step-child does not alter the situation, and no such contention is here made. See Log Mountain Coal Co. v. Head, 219 Ky. 799, 294 S.W. 470, 53 A.L.R. 216, 226.

The judgment of the trial court gave effect to the foregoing views, and it is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.