## Cox's Guardian et al. v. Garmeada Coal Co.

June 19, 1942.

J. B. Johnson and Johnson & Feather for appellant.

James W. Smith for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

This is an appeal from a judgment of the Circuit Court reversing an order of the Workmen's Compensation Board awarding the infant claimant maximum compensation as a total dependent of her father, Roma Cox, who was accidentally killed while in appellee's employ. No question other than whether the claimant was totally dependent upon her father was involved or decided. Since claimant was eighteen years of age at the time of her father's death, and neither incapacitated from wage earning nor a member of his household, the company insists that she is barred from the status claimed by the clear intendment, if not the express language of Kentucky Statute, Section 4894, which conclusively presumes incapacitated children or those under sixteen years of age to be wholly dependent upon the parent with whom they are living or by whom they are actually supported at the time of the accidental death. But the Statute also provides that in cases where total dependency is not presumed "the relation of dependency in whole or in part shall be determined in accordance with the facts in each case", from which it is argued by the claimant that the sole requisite to recovery on the basis of total dependency by a child not presumed to be totally dependent is a showing that he received his entire support from the deceased parent, though the child was capable of wage earning and remained idle from choice. We are not in accord with either view. While we are not willing to say that the Statute raises an insurmountable bar to a claim of total dependency by a child who has attained the age of sixteen years merely because the child may be capable of earning wages, irrespective of the nature of the services which the child might be required to render or the meagerness of the reward therefor, we are, nevertheless, convinced that the Legislature regarded the ability of a child over sixteen years of age to earn wages in a proper occupation and actually contribute to its own support as a factor necessarily relegating such child to the status of a partial dependent whose compensation for the death of the parent should be determined under the provisions of Kentucky Statute, Section 4893, Subsection 3. As sustaining the narrow construction contended for by appellee may be cited the case of Ramey et al. v. Portsmouth By-Product Coke Co., 234 Ky. 75, 27 S. W. (2d) 415. As sustaining the interpretation of the Statute which we consider the correct one, see the case of Fordson Coal Co. v. Lewis et al., 266 Ky. 70, 98

S. W. (2d) 63, in which, notwithstanding the dictum in the former case that, in order to entitle a child over sixteen to recover as a total dependent, "the proof must go further and show the child is incapacitated for wage-earning" [234 Ky. 75, 27 S. W. (2d) 416], we held that a daughter slightly over sixteen years of age attending a boarding school and sporadically earning small sums of money in a city some distance from her father's home was, nevertheless, a total dependent, saying [266 Ky. 70, 98 S. W. (2d) 66]:

> "The mere fact that she was able to there earn a few dollars by a brief and temporary employment, we are of the opinion, did not (as was held by the board and court) terminate her total dependency upon her father, nor was it such character of employment as would deprive her of her right to compensation as a dependent, especially as it appears he continued, irrespective of such earnings, to have recognized her total dependency and wholly supported her as found by the board."

But in the case at bar the claimant was two years, one month, and five days beyond the age of sixteen years at the time of her father's death; had not resided in his household for approximately twelve years prior thereto; and had worked as a domestic at intervals since leaving the home of her grandfather, with whom she had resided from 1929 until some time in 1938. Her mother had died in 1927 and her father had re-married. Nevertheless, according to her testimony, he had visited her regularly and frequently, since she left his home, and contributed from $5 to $20, or an average of $10 or $12, per month to her support. When she was not employed as a domestic, she resided with her aunts and half-sister, and when employed, received from $2 to $2.50 per week, plus her board, and usually her lodging. She has an eighth grade common school education, and, as before stated, is in good health. In view of these facts, which are undisputed, we are unable to say that there was evidence sufficient to support the finding of the Board that she was totally dependent upon her father within the meaning of the Act in which the Legislature has seen fit to prescribe the tender age of sixteen as the maximum limit of the period during which the total dependency of children not incapacitated from "wage earning" is presumed.

We are of the opinion, however, that the evidence

clearly shows that claimant's earnings were not sufficient to maintain her and that she was partially dependent upon her father at the time of his death. While the Circuit Court properly set aside the order of the Board awarding her compensation as a total dependent, it should have remanded the case to the Board with directions to ascertain, in the manner prescribed by Kentucky Statute, Section 4893, Subsection 3, the extent of her partial dependency, and to compensate her accordingly.

Judgment reversed for proceedings consistent with this opinion.