## Schaab v. Townsend et al.

Dec. 7, 1945.

Davis, Boehl, Viser & Marcus for appellant.

Lawrence S. Grauman and Harry F. Malone for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

This is an appeal from a judgment of the Jefferson circuit court affirming an award of the Workmen's Compensation Board in favor of the appellee Doris May Townsend.

Floyd E. Underwood, deceased, and his employer, Carl Schaab, doing business as Schaab Construction Company, had accepted the provisions of the Workmen's Compensation Act. On December 6, 1943, Underwood was killed as the result of an accident arising out of and in the course of his employment. Doris May Townsend, then 15 years of age, had been a member of Underwood's household for two or three years, and the Workmen's Compensation Board found that she was entitled to compensation in the maximum amount allowed by law as a dependent of the decedent. The award of the Board was affirmed by the circuit court. Appellant insists that there was no evidence sustaining the finding of total dependency. Doris May Townsend, the youngest

of four children of Henry C. Townsend and Edith Johnson Townsend, was 5 years of age when her father and mother separated in 1933, and she and her three sisters continued to live with their father. In 1935 Edith Johnson Townsend began living with Floyd E. Underwood, and continued to live with him until his death in 1943. They were never married, but she assumed his name and they held themselves out as husband and wife and she was recognized by her friends and neighbors as the wife of Underwood. Henry C. Townsend obtained a divorce from Edith Johnson Townsend in 1941, and in April, 1941, married a woman who had lived in his home for about a year as his housekeeper and the nurse of his oldest daughter, who was an epileptic. Either a few months before or a few months after his marriage— the evidence on this point is conflicting—Doris May Townsend, who was then 12 or 13 years of age, left her father's home and went to the home of Floyd Underwood and lived with him and her mother until Underwood's death. She never returned to her father's home to live, and her father furnished her no support after she went to live with her mother. She attended school until she finished the eighth grade in May, 1943. She took the name of Underwood, and decedent treated her as his own child and furnished her with all the necessities of life. The fact that her mother and Underwood were living together in an illicit relationship does not deprive her of the right to compensation if she lived in the household of the deceased employee and was supported by him. Jones v. Louisville Gas & Electric Co., 209 Ky. 642, 273 S. W. 494; L. E. Myers Company v. Noland, 222 Ky. 748, 2 S. W. 2d 387; Sunfire Coal Company v. Day, 267 Ky. 716, 103 S. W. 2d 82.

The question for decision is whether Doris May Townsend was totally dependent or only partially dependent on the deceased employee. It is argued that she was only partially dependent on Underwood because she received only part of her support from him. The argument is based on these facts: On May 7, 1943, the appellee, giving her name as Doris May Underwood and her age as 17 years, applied for work at the Walgreen Drug Store located at the corner of Fourth and Broadway streets in Louisville. She was then under 15 years of age. She worked intermittently at the Walgreen Drug Store for about six weeks at a salary of $16

a week. On November 18, 1943, she began working at the Battery Manufacturing Company in Louisville, and worked 13 days. Her earnings during that period amounted to $49.44. She testified that none of her earnings was used for necessaries, but that her board, lodging and clothes were furnished by Underwood. The Workmen's Compensation Board had before it ample evidence to warrant its finding that appellee was totally dependent on the deceased employee. She was residing in his household at the time of his death, was under 16 years of age, and had earned only a small amount on two occasions. We have held that one dependent on a deceased employee does not lose his status of total dependency merely because he has sporadically earned small amounts of money. Fordson Coal Company v. Burke, 219 Ky. 770, 294 S. W. 497; Blue Diamond Coal Company v. Frazier, 229 Ky. 450, 17 S. W. 2d 406; Fordson Coal Company v. Lewis, 266 Ky. 70, 98 S. W. 2d 63; Kentucky Valley Distilling Company v. Quartermous, 275 Ky. 389, 121 S. W. 2d 917.

Judgment is affirmed.